UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN BOWMAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No.: 4:21-cv-01406-NAB |
| vs. | ) |
| | ) |
| | ) |
| | ) |
| ROBERT L. CHAMBERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Answer and Affirmative Defenses to Complaint of Bowman Plaintiffs' Complaint[1]**

COMES NOW Defendants Robert L. Chambers, Patricia Yaeger, Marsha E. Haeffner and Florence Hill (collectively "Defendant Commissioners") by and through the undersigned attorneys, and answer the Bowman Plaintiffs' Complaint as follows:

**Answer**

**PARTIES**

1. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 1 of the Bowman Complaint and, therefore, deny the same.

2. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 2 of the Bowman Complaint and, therefore, deny the same.

---

[1] The Bowman Plaintiffs are the Plaintiffs in Cause 4:21-cv-01406-NAB, namely John Bowman, Karen Cloyd, Glenn Koenen, Susan Meredith, Tommy Pierson, Jr., Dana Sandweiss and Brian Wingbermuehle.

3. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 3 of the Bowman Complaint and, therefore, deny the same.

4. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 4 of the Bowman Complaint and, therefore, deny the same.

5. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 5 of the Bowman Complaint and, therefore, deny the same.

6. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 6 of the Bowman Complaint and, therefore, deny the same.

7. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 7 of the Bowman Complaint and, therefore, deny the same.

8. Defendant Commissioners admit the allegations set forth in Paragraph 8 of the Bowman Complaint.

9. Defendant Commissioners admit the allegations set forth in Paragraph 9 of the Bowman Complaint.

10. Defendant Commissioners admit the allegations set forth in Paragraph 10 of the Bowman Complaint.

11. Defendant Commissioners admit the allegations set forth in Paragraph 11 of the Bowman Complaint.

12. Defendant Commissioners admit that they are the four members of the St. Louis County Board of Election Commissioners and that the action is brought against them in their official capacities only. The Defendant Commissioners deny that they took any actions or made any omissions related to the factual allegations set forth in the Complaint, in that the acts and omissions complained of were taken or made by other third parties. Defendant Commissioners do further admit that they act in accordance with the State and Federal Constitutions, statutes, regulations, customs, usages and other applicable laws of the State of Missouri and the United States of America. The Defendant Commissioners deny any remaining allegations set forth in Paragraph 12 of the Bowman Complaint.

## **JURISDICTION AND VENUE**

13. Paragraph 13 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 13 contains any factual allegations, the Defendant Commissioners deny the same.

14. Paragraph 14 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 14 contains any factual allegations, the Defendant Commissioners deny the same.

15. Paragraph 15 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 15 contains any factual allegations, the Defendant Commissioners deny the same.

16. Paragraph 16 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 16 contains any factual allegations, the Defendant Commissioners deny the same.

## FACTS

17. Paragraph 17 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 17 contains any factual allegations, the Defendant Commissioners deny the same.

18. Paragraph 18 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 18 contains any factual allegations, the Defendant Commissioners deny the same.

19. Paragraph 19 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 19 contains any factual allegations, the Defendant Commissioners deny the same.

20. Paragraph 20 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 20 contains any factual allegations, the Defendant Commissioners deny the same.

21. Defendant Commissioners admit the allegations set forth in Paragraph 21 of the Bowman Complaint.

22. Defendant Commissioners lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 22 of the Bowman Complaint and, therefore, deny the same.

23. Defendant Commissioners lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 23 of the Bowman Complaint and, therefore, deny the same.

24. Paragraph 24 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 24 contains any factual allegations, the Defendant Commissioners deny the same.

25. Paragraph 25 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 25 contains any factual allegations, the Defendant Commissioners deny the same.

26. Defendant Commissioners lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 26 of the Bowman Complaint and, therefore, deny the same.

27. Paragraph 27 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 27 contains any factual allegations, the Defendant Commissioners deny the same.

28. Paragraph 28 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 28 contains any factual allegations, the Defendant Commissioners deny the same.

29. Paragraph 29 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 29 contains any factual allegations, the Defendant Commissioners deny the same.

30. Paragraph 30 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 30 contains any factual allegations, the Defendant Commissioners deny the same.

## COUNT I – REQUEST FOR DECLARATORY AND OTHER RELIEF

31. Defendant Commissioners incorporate and restate their responses to paragraphs 1 through 30 as if more fully stated herein.

32. Paragraph 32 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 32 contains any factual allegations, the Defendant Commissioners deny the same.

33. Paragraph 33 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 33 contains any factual allegations, the Defendant Commissioners deny the same.

34. Paragraph 34 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 34 contains any factual allegations, the Defendant Commissioners deny the same.

35. Paragraph 35 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 35 contains any factual allegations, the Defendant Commissioners deny the same.

36. Paragraph 36 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 36 contains any factual allegations, the Defendant Commissioners deny the same.

WHEREFORE, Defendant Commissioners respectfully request that this Court take any action it deems just and proper relative to the redistricting of the County Council districts, and dismiss and claims for damages, attorneys' fees or costs made against Defendant Commissioners, and award any and all further relief that it deems just and proper under the circumstances.

**Affirmative Defenses**

First Affirmative Defense: The Bowman Plaintiffs have failed to state a claim upon which relief may be granted with respect to attorneys' fees, in that none of the acts or omissions forming the basis of the Complaint were performed by, or the responsibility of, the Defendant Commissioners. The Defendant Commissioners are responsible for ensuring free and fair elections, and are not responsible for the drawing of the Council Districts, nor the actions of the St. Louis County Council.

Second Affirmative Defense: If this Court orders the redrawing of the Council Districts, the Defendant Commissioners respectfully request that the order be entered as expeditiously as is fair and practical under the circumstances. If the districts are to be redrawn, then the Defendant Commissioners need sufficient time prior to the opening of candidacy filing (February 22, 2022) to update the systems and to ensure that the upcoming election can be held freely, fairly and securely. The Defendant Commissioners respectfully request that if such relief is ordered, that it be ordered prior to February 8, 2022.

    Respectfully submitted,

    CURTIS, HEINZ, GARRETT &
    O'KEEFE, P.C.

    *Steven W. Garrett*
    Edward Sluys, #60471MO
    Steven W. Garrett, #27756MO
    *Attorneys for Defendants*
    130 South Bemiston, Suite 200
    Clayton, Missouri 63105
    314-725-8788
    314-725-8789 (fax)
    esluys@chgolaw.com
    sgarrett@chgolaw.com

CERTIFICATE OF SERVICE

A copy of the above and foregoing was electronically filed using the Court's electronic filing system this 27th day of December, 2021, and served by the same upon all attorneys of record.

    /s/ *Steven W. Garrett*