## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOHN BOWMAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No.: 4:21-cv-01406-NAB |
| vs. ) | |
| ) | |
| ) | |
| ROBERT L. CHAMBERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### Answer and Affirmative Defenses to First Amended Complaint of Arps Plaintiffs' Complaint[1]

COMES NOW Defendants Robert L. Chambers, Patricia Yaeger, Marsha E. Haeffner and Florence Hill (collectively "Defendant Commissioners") by and through the undersigned attorneys, and answer the Arps Plaintiffs' First Amended Complaint ("Arps Complaint") as follows:

**Answer**

*Parties*

1. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 1 of the Arps Complaint and, therefore, deny the same.

---

[1] The Arps Plaintiffs are the named Plaintiffs from Cause 4:21cv-01410-HEA which was consolidated into Cause 4:21-cv-01406-NAB, namely Becky Arps, Rene Artman, Adam Bohn, Rita Heard Days, Edward Engler, Tim Fitch, Mark Harder, Lisa Kaliski, Amy Poelker, June Schmidt, Kelly Stavros, Ernie Trakas and Richard Wolfe.

2. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 2 of the Arps Complaint and, therefore, deny the same.

3. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 3 of the Arps Complaint and, therefore, deny the same.

4. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 4 of the Arps Complaint and, therefore, deny the same.

5. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 5 of the Arps Complaint and, therefore, deny the same.

6. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 6 of the Arps Complaint and, therefore, deny the same.

7. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 7 of the Arps Complaint and, therefore, deny the same.

8. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 8 of the Arps Complaint and, therefore, deny the same.

9. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 9 of the Arps Complaint and, therefore, deny the same.

10. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 10 of the Arps Complaint and, therefore, deny the same.

11. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 11 of the Arps Complaint and, therefore, deny the same.

12. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 12 of the Arps Complaint and, therefore, deny the same.

13. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 13 of the Arps Complaint and, therefore, deny the same.

14. Defendant Commissioners admit that Defendant Robert L. Chambers is a member of the St Louis County Board of Election Commissioners and that he is named in his official capacity only. Defendant Commissioners deny any remaining allegations set forth in Paragraph 14 of the Arps Complaint.

15. Defendant Commissioners admit that Defendant Marsha E. Haefner is a member of the St Louis County Board of Election Commissioners and that she is named in her official capacity only. Defendant Commissioners deny any remaining allegations set forth in Paragraph 15 of the Arps Complaint.

16. Defendant Commissioners admit that Defendant Florence L. Hill is a member of the St Louis County Board of Election Commissioners and that she is named in her official capacity only. Defendant Commissioners deny any remaining allegations set forth in Paragraph 16 of the Arps Complaint.

17. Defendant Commissioners admit that Defendant Patricia Yaeger is a member of the St Louis County Board of Election Commissioners and that she is named in her official capacity only. Defendant Commissioners deny any remaining allegations set forth in Paragraph 17 of the Arps Complaint.

18. Defendant Commissioners admit they are the election authority for St. Louis County, Missouri, having coterminous boundaries therewith. Defendant Commissioners further admit they are responsible for ensuring the conduct of free, fair and secure elections within St. Louis County, Missouri. Defendant Commissioners deny any remaining allegations set forth in Paragraph 18 of the Arps Complaint.

19. Defendant Commissioners admit that they are the four members of the St. Louis County Board of Election Commissioners and that the action is brought against them in their official capacities only. The Defendant Commissioners deny that they took any actions or made any omissions related to factual allegations set forth in the Complaint, in that the acts and omissions complained of were taken or made by other third parties. Defendant Commissioners do further admit that they act in accordance with the State and Federal Constitutions, statutes, regulations, customs, usages and other applicable laws of the State of Missouri and the United States of America. The Defendant Commissioners deny any remaining allegations set forth in Paragraph 19 of the Arps Complaint.

20. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 20 of the Arps Complaint and, therefore, deny the same.

21. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 21 of the Arps Complaint and, therefore, deny the same.

22. Defendant Commissioner admit the allegations set forth in Paragraph 22 of the Arps Complaint.

23. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 23 of the Arps Complaint and, therefore, deny the same.

24. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 24 of the Arps Complaint and, therefore, deny the same.

25. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 25 of the Arps Complaint and, therefore, deny the same.

*Jurisdiction and Venue*

26. Paragraph 26 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 26 contains any factual allegations, the Defendant Commissioners deny the same.

27. Paragraph 27 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 27 contains any factual allegations, the Defendant Commissioners deny the same.

28. Paragraph 28 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 28 contains any factual allegations, the Defendant Commissioners deny the same.

29. Paragraph 29 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 29 contains any factual allegations, the Defendant Commissioners deny the same.

30. Paragraph 30 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 30 contains any factual allegations, the Defendant Commissioners deny the same.

31. Paragraph 31 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 31 contains any factual allegations, the Defendant Commissioners deny the same.

32. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 32 of the Arps Complaint and, therefore, deny the same.

33. Paragraph 33 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 33 contains any factual allegations, the Defendant Commissioners deny the same.

34. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 34 of the Arps Complaint and, therefore, deny the same.

35. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 35 of the Arps Complaint and, therefore, deny the same.

36. Paragraph 36 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 36 contains any factual allegations, the Defendant Commissioners deny the same.

37. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 37 of the Arps Complaint and, therefore, deny the same.

38. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 38 of the Arps Complaint and, therefore, deny the same.

39. Paragraph 39 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 39 contains any factual allegations, the Defendant Commissioners deny the same.

40. Defendant Commissioners admit they have not received a reapportionment plan for the St. Louis County Council district. Defendant Commissioners lack knowledge sufficient to form a belief as to the remaining allegations set forth in Paragraph 40 of the Arps Complaint and, therefore, deny the same.

41. Paragraph 41 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 41 contains any factual allegations, the Defendant Commissioners deny the same.

42. Paragraph 42 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 42 contains any factual allegations, the Defendant Commissioners deny the same.

43. Defendant Commissioners admit the allegations set forth in Paragraph 43 of the Arps Complaint.

44. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 44 of the Arps Complaint and, therefore, deny the same.

45. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 45 of the Arps Complaint and, therefore, deny the same.

46. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 46 of the Arps Complaint and, therefore, deny the same.

*Presentation of Reapportionment Maps*

47. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 47 of the Arps Complaint and, therefore, deny the same.

48. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 48 of the Arps Complaint and, therefore, deny the same.

49. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 49 of the Arps Complaint and, therefore, deny the same.

50. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 50 of the Arps Complaint and, therefore, deny the same.

51. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 51 of the Arps Complaint and, therefore, deny the same.

52. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 52 of the Arps Complaint and, therefore, deny the same.

53. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 53 of the Arps Complaint and, therefore, deny the same.

54. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 54 of the Arps Complaint and, therefore, deny the same.

55. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 55 of the Arps Complaint and, therefore, deny the same.

56. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 56 of the Arps Complaint and, therefore, deny the same.

*Replacement of Republican Members*

57. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 57 of the Arps Complaint and, therefore, deny the same.

58. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 58 of the Arps Complaint and, therefore, deny the same.

59. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 59 of the Arps Complaint and, therefore, deny the same.

## COUNT I

60. Defendant Commissioners incorporate and restate their responses to paragraphs 1 through 59 as if more fully stated herein.

61. Paragraph 61 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 61 contains any factual allegations, the Defendant Commissioners deny the same.

62. Paragraph 62 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 62 contains any factual allegations, the Defendant Commissioners deny the same.

63. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 63 of the Arps Complaint and, therefore, deny the same.

64. Paragraph 64 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 64 contains any factual allegations, the Defendant Commissioners deny the same.

65. Paragraph 65 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 65 contains any factual allegations, the Defendant Commissioners deny the same.

66. Paragraph 66 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 66 contains any factual allegations, the Defendant Commissioners deny the same.

WHEREFORE, Defendant Commissioners respectfully request that this Court take any action it deems just and proper relative to the redistricting of the County Council districts, and dismiss and claims for damages, attorneys' fees or costs made against Defendant Commissioners, and award any and all further relief that it deems just and proper under the circumstances.

## **COUNT II – APPLICATION OF VOTING RIGHTS ACT**

67. Defendant Commissioners incorporate and restate their responses to paragraphs 1 through 66 as if more fully stated herein.

68. Paragraph 68 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 68 contains any factual allegations, the Defendant Commissioners deny the same.

69. Paragraph 69 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 69 contains any factual allegations, the Defendant Commissioners deny the same.

70. Paragraph 70 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 70 contains any factual allegations, the Defendant Commissioners deny the same.

71. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 71 of the Arps Complaint and, therefore, deny the same.

WHEREFORE, Defendant Commissioners respectfully request that this Court take any action it deems just and proper relative to the redistricting of the County Council districts, and dismiss and claims for damages, attorneys' fees or costs made against Defendant Commissioners, and award any and all further relief that it deems just and proper under the circumstances.

**COUNT III – ENFORCEMENT OF CONSTITUTIONAL PROTECTIONS**

72. Defendant Commissioners incorporate and restate their responses to paragraphs 1 through 71 as if more fully stated herein.

73. Paragraph 73 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 73 contains any factual allegations, the Defendant Commissioners deny the same.

74. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 74 of the Arps Complaint and, therefore, deny the same.

75. Paragraph 75 contains legal conclusions and recitation of law to which no answer is required. To the extent that Paragraph 75 contains any factual allegations, the Defendant Commissioners deny the same.

76. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 76 of the Arps Complaint and, therefore, deny the same.

WHEREFORE, Defendant Commissioners respectfully request that this Court take any action it deems just and proper relative to the redistricting of the County Council districts, and dismiss and claims for damages, attorneys' fees or costs made against Defendant Commissioners, and award any and all further relief that it deems just and proper under the circumstances.

### COUNT IV – Conspiracy to interfere with civil rights (42 U.S.C. §1985)

Count IV does not purport to seek relief against Defendant Commissioners; however, to the extent a response is required, Defendant Commissioners answer as follows:

77. Defendant Commissioners incorporate and restate their responses to paragraphs 1 through 76 as if more fully stated herein.

78. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 78 of the Arps Complaint and, therefore, deny the same.

79. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 79 of the Arps Complaint and, therefore, deny the same.

80. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 80 of the Arps Complaint and, therefore, deny the same.

81. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 81 of the Arps Complaint and, therefore, deny the same.

82. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 82 of the Arps Complaint and, therefore, deny the same.

83. Defendant Commissioners lack knowledge sufficient to form a belief as to the veracity of the allegations set forth in Paragraph 83 of the Arps Complaint and, therefore, deny the same.

WHEREFORE, Defendant Commissioners respectfully request that this Court take any action it deems just and proper relative to the redistricting of the County Council districts, and dismiss and claims for damages, attorneys' fees or costs made against Defendant Commissioners, and award any and all further relief that it deems just and proper under the circumstances.

**Affirmative Defenses**

First Affirmative Defense: The Arps Plaintiffs have failed to state a claim upon which relief may be granted with respect to attorneys' fees, in that none of the acts or omissions forming the basis of the Complaint were performed by, or the responsibility of, the Defendant Commissioners.

The Defendant Commissioners are responsible for ensuring free and fair elections, and are not responsible for the drawing of the Council Districts, nor the actions of the St. Louis County Council.

<u>Second Affirmative Defense</u>: If this Court orders the redrawing of the Council Districts, the Defendant Commissioners respectfully request that the order be entered as expeditiously as is fair and practical under the circumstances. If the districts are to be redrawn, then the Defendant Commissioners need sufficient time prior to the opening of candidacy filing (February 22, 2022) to update the systems and to ensure that the upcoming election can be held freely, fairly and securely. The Defendant Commissioners respectfully request that if such relief is ordered, that it be ordered prior to February 8, 2022.

Respectfully submitted,

CURTIS, HEINZ, GARRETT &
O'KEEFE, P.C.


  *Steven W. Garrett*
Edward Sluys, #60471MO
Steven W. Garrett, #27756MO
*Attorneys for Defendants*
130 South Bemiston, Suite 200
Clayton, Missouri 63105
314-725-8788
314-725-8789 (fax)
esluys@chgolaw.com
sgarrett@chgolaw.com

CERTIFICATE OF SERVICE

A copy of the above and foregoing was electronically filed using the Court's electronic filing system this 27th day of December, 2021, and served by the same upon all attorneys of record.


    /s/ *Steven W. Garrett*