## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOHN BOWMAN, *et al.*,                     )
                                           )
                    Plaintiffs,            )
                                           )
v.                                         )          No. 4:21-cv-01406-NAB
                                           )
ROBERT L. CHAMBERS, *et al.*,              )
                                           )
                    Defendants.            )

## MOTION TO DISMISS OR SEVER ARPS PLAINTIFFS' CONSPIRACY CLAIM AND COMBINED MEMORANDUM IN SUPPORT

Plaintiffs John Bowman, Karen Cloyd, Glenn Koenen, Susan Meredith, Tommie Pearson, Jr., Dana Sandweiss and Brian Wingbermeuhle (the "Bowman Plaintiffs"), by and through their undersigned counsel, and pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, move the Court to dismiss Count IV of the First Amended Complaint filed by the Arps Plaintiffs[1] (the "Conspiracy Claim") on grounds it is not properly joined with the Bowman Plaintiffs' and Arps map reapportionment claims (the "Map Claims"). In the alternative, the Bowman Plaintiffs move, pursuant to Rules 20(b) and 42(b) of the Federal Rules of Civil Procedure, to sever the Conspiracy Claim from the other consolidated claims before this Court, into a separate action which is stayed until after resolution of the reapportionment claims by this Court. In support of these motions, the Bowman Plaintiffs submit the following memorandum.

---

[1] Becky Arps, Rene Artman, Adam Bohn, Rita Heard Days, Edward Engler, Tim Fitch, Mark Harder, Lisa Kaliski, Amy Poelker, June Schmidt, Kelly Stavros, Ernie Trakas, and Richard Wolfe.

## MEMORANDUM IN SUPPORT

## INTRODUCTION

The constitutional emergency at hand is the need for the Court to reapportion and redraw St. Louis County's Council Districts sufficiently in advance of February 22, 2022[2], so that the defendant Board of Election Commissioners have a new, constitutionally-valid map with which to conduct the next primary election for Council seats.

Both the Bowman Plaintiffs and the Arps Plaintiffs filed claims (the "Map Claims") seeking a remedy to the St. Louis County Council Bipartisan Reapportionment Commission's failure to adopt a new, constitutionally-valid map of Council Districts. Both sets of plaintiffs nominally sued the election Board, inasmuch as the Board would violate County voters' equal protection rights by conducting the next Council elections using the current maps based on the 2010 Census.

However, in their First Amended Complaint, the Arps Plaintiffs (now joined by four additional plaintiffs, including current District 1 Councilperson Rita Days-Heard) have added a claim against 20 unnamed John and Jane Does for alleged "conspiracy" to violate the civil rights of St. Louis County voters by unspecified actions supposedly causing the Bipartisan Reapportionment Commission to fail to adopt or report out any map (the "Conspiracy Claim").

Permissive joinder of the Conspiracy Claim is not proper, and it should therefore be dismissed. Moreover, joinder of the Conspiracy Claim would inject many complexities into the case and hinder the parties' and Court's ability to resolve the Map Claims before February 22. In order to best serve the efficiency goals of the joinder rules, and to address the serious practical problems that would arise from adding a complex and highly contentious civil rights jury case to

---

[2] Per the Board's statements during the conference held on December 20, 2021, ideally the Board would have the Court's judgment with a new map by at least February 15, 2022, one week before filing begins.

the relatively simple bench-tried Map Claims, the Court should either exercise its discretion to drop and dismiss the Conspiracy Claim pursuant to Rule 21, or sever and stay it pursuant to Rule 42.

## ARGUMENT

## I.    APPLICABLE LEGAL STANDARDS

FRCP 20 provides a mechanism for "permissive" joinder of plaintiffs or defendants under certain circumstances. "Permissive" joinder is discretionary, not mandatory as in the case of indispensable parties under FRCP 19. Rule 20 provides that the Court "may" allow permissive joinder of parties only when certain criteria are met.

"[P]ermissive joinder is not proper in all situations." *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 243 (E.D. Mo. 2004). Permissive joinder is only proper if both of two requirements are met:  "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." *Id*. (citations and quotation marks omitted).

Whether the Court should grant permissive joinder in any case involves the Court's discretion beyond whether the party seeking joinder has met the two threshold requirements. As a sister court in the Eighth Circuit has explained:

> The inquiry in determining whether to include a party under Rule 20 does not end with conclusions concerning the particular requirements of that Rule. The Court must look at additional factors of fundamental fairness and judicial efficiency.
>
> Although the specific requirements of Rule 20 ... might be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. ... This conclusion is in part based upon the fact that the language of Rule 20 states that if the criteria set forth in the Rule are met, the party "may" be added, not that it "shall" be added. The conclusion seems also to be based upon an unarticulated premise that the underlying purpose of Rules 19, 20 and 21 is to allow

the district court itself to exercise its power to align the parties and the issues presented in a single lawsuit in a way that will foster judicial efficiency, while protecting parties against prejudice.

*Stark v. Indep. Sch. Dist. No. 640*, 163 F.R.D. 557, 563–64 (D. Minn. 1995) (citations and quotation marks omitted).

The joinder rules provide significant discretion to courts when determining whether to allow joinder, and whether and how to remedy misjoinder, or joinder that may result in delay or prejudice, in any given case. Under Rule 21, a court may, at any time, with or without motion, add or drop a party or sever claims. FRCP 21. "Rules 20(b) and 42(b) grant district courts the discretion to order separate trials or make such other orders necessary to prevent delay and prejudice." *Smith*, 225 F.R.D. at 243. When considering whether to allow joinder, or to dismiss or sever certain parties or claims, the Court may take into consideration "[case] manageability concerns" as well as "the efficiency goals of the Federal Rules' joinder provisions." *PHE, Inc. v. Does 1-27*, No. 4:13-CV-480 SNLJ, 2013 WL 3811143, at *2-3 (E.D. Mo. July 22, 2013). A federal "judge may deny joinder under Rule 20 if 'the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.'" *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) *quoting* 7 Wright & Miller, Federal Practice and Procedure § 1652 (3d ed.).

## II.    PERMISSIVE JOINDER OF THE CONSPIRACY CLAIM IS IMPROPER, AND IT SHOULD BE DISMISSED

Here, permissive joinder of the Conspiracy Claim against the John and Jane Does with the Map Claims against the Board is not proper. The requirements of Rule 20 are not met, and under Rule 21 the misjoined claims should be dropped and dismissed.

The Map Claims against the Board arise out of the population changes in the County between 2010 and 2020, which render the existing districts unconstitutional. The right of relief

sought is simply a new, constitutionally-compliant map of council districts. The fact discovery needed to prepare those claims for trial is straightforward and essentially limited to facts concerning the County's population changes and demographics, and existing district, precinct and municipal boundaries.  The case will turn largely on expert opinion as to how a new map ought best to be drawn to comply with the federal constitution, Missouri constitution and law, and other applicable laws, customs and practices existing in St. Louis County, given the largely, if not entirely, undisputed statistical and geographical facts.

The Arps Plaintiffs' Conspiracy Claim, on the other hand, contemplate substantial discovery that would be mostly unrelated – but entirely unnecessary – to the Court's need to adopt a new map before February 22, 2022. The Conspiracy Claim arises from the vaguely-alleged actions of numerous unknown individuals, who supposedly acted with an intent to deprive St. Louis County voters of their equal protection rights "by causing the Reapportionment Commission to neither adopt a reapportionment plan nor filed [sic] a final statement of reapportionment for the Districts based upon the 2020 census results as described under the Charter prior to the expiration of its term." First Amended Petition, ¶¶ 79-81. This contemplates expansive discovery into the entire Commission process, from appointment of members through every Commission meeting – and would include every potential effort by any individual –Commissioners, persons in other positions with County government, other politicians or simply citizens – to influence or have an effect on the Commission process.

Further, the legal issues presented by the Conspiracy Claim are not present in the Map Claims. The Conspiracy Claim is entirely procedural. The question of whether other, unknown parties' actions may have violated a putative "right" to have the Reapportionment Commission fulfill its charge by reporting out a constitutionally-compliant map has no issues of law in common

with the simple task before the Court to draw a constitutional Council Districts map. Whether the registered voters of St. Louis County have such a "right" or not will be a significant threshold issue, taking up many pages of motion briefing, which is entirely irrelevant to the actual need for a map, and quick. To the extent the Conspiracy Claim may be an exercise in sour grapes seeking to lay the "blame" for the Reapportionment Commission's failure at the feet of the Arps Plaintiffs' political opponents, it gets into lofty constitutional questions such as legislative immunity (can a legislator be sued for the way she votes?), and first amendment rights (can citizens be sued for expressing their views to legislators and legislative bodies?) which are completely irrelevant to the Map Claims. Indeed, another threshold legal issue unique to the Conspiracy Claim might be whether it is subject to Missouri's anti-SLAPP statute.

It goes without saying that the discovery needed for the Conspiracy Claim would be impossible to complete before February 22 – indeed, just the identification of all 20 "Does" is likely to take months of discovery. Further, once the Does are identified, each one of them will need to consent to this Court's jurisdiction in order for the Court to keep the case. In that respect, allowing the Conspiracy Claim to remain joined would allow the possibility of derailing the case from any chance to reach a resolution by February 22. Moreover, the Conspiracy Claim requires a jury trial – one which would likely take a week, if not longer – whereas the reapportionment claims are to be bench tried (and the Court plans to try them in one day, on February 1, 2022).

The Conspiracy Claim alleges a vague plot to violate St. Louis County voters' equal protection rights. Yet, the process to protect such rights is the focused and expedited resolution of the reapportionment claims. Indeed, the resolution of the reapportionment claims largely, if not entirely, renders the Conspiracy Claim moot. The reapportionment claims will result in a constitutionally-compliant new map, under which St. Louis County voters' equal protection rights

are vindicated and protected. The "harm" alleged in the Conspiracy Claim will not come to pass –
and therefore need no remedy – upon timely disposition of the reapportionment claims.

Ironically, allowing joinder of the Conspiracy Claim would threaten the ability to adopt a
new, constitutionally-compliant map by February 22, thereby causing the very harm that the Arps
Plaintiffs supposedly seek to protect and redress. Simply put, the Conspiracy Claim is a foolish
distraction from the real business at hand. The parties and Court have scant weeks to prepare a
trial to determine a new, constitutionally-compliant map. In order to effectively do that, the
Conspiracy Claim must be dismissed for misjoinder.

**III.    IN THE ALTERNATIVE, AND AT A MINIMUM, THE CONSPIRACY CLAIM SHOULD BE SEVERED FOR A SEPARATE TRIAL AND STAYED PENDING RESOLUTION OF THE MAP CLAIMS**

At a minimum, the Conspiracy Claim cannot be tried with the Map Claims. And, in order
for the parties to effectively prosecute and try the Map Claims expeditiously, the Conspiracy Claim
ought not be on the same discovery track. Should the Court decline to exercise its ample discretion
to dismiss the Conspiracy Claim without prejudice, it should, and must, exercise its discretion
under Rules 20(b) and 42(b) to sever the Conspiracy Claim into a separate case, and stay it until
resolution of the Map Claims.

## CONCLUSION

The critical imperative for the parties and Court is to try the Map Claims and adopt a new,
constitutional Council Districts map sufficiently before February 22, 2022 to allow the Board to
conduct and administer the next primary Council elections. The Conspiracy Claim is at best a
distraction from that imperative, and allowing it to be joined would imperil the chances of
successfully prosecuting the Map Claims expeditiously. The Conspiracy Claim should be
dismissed without prejudice for misjoinder, or, at a minimum, severed into a separate action and
stayed.

Respectfully submitted,

/s/ *Thomas W. Hayde*
Gerald P. Greiman, #26668
Thomas W. Hayde, #57368
**SPENCER FANE LLP**
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Tel.: (314) 863–7733
Fax: (314) 862–4656
ggreiman@spencerfane.com
thayde@spencerfane.com

*Attorneys for Bowman Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2021, I electronically filed the foregoing through the Court's CM/ECF system, to be served on counsel for all parties through the Court's electronic notification system

 /s/ *Thomas W. Hayde*