**IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BECKY ARPS, RENE ARTMAN, ADAM BOHN, RITA HEARD DAYS, EDWARD ENGLER, TIM FITCH, MARK HARDER, LISA KALISKI, AMY POELKER, JUNE SCHMIDT, KELLY STAVROS, ERNIE TRAKAS, and RICHARD WOLFE,<br><br>       Plaintiffs,<br><br>v.<br><br>ROBERT L. CHAMBERS, MARSHA E. HAEFNER, FLORENCE L. HILL and PATRICIA YAEGER, in their capacity as members of the St. Louis County Board of Election Commissioners, the ST. LOUIS COUNTY BOARD OF ELECTION COMMISSIONERS, JOHN DOE 1-20,<br><br>       Defendants. | **Case No. 4:21-cv-01406 NAB**<br>*as previously consolidated from 4:21-cv-01410* |

**ARPS PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO MOTION TO DISMISS OR SEVER COUNT IV**

COMES NOW Becky Arps, Rene Artman, Adam Bohn, Rita Day Heard, Tim Fitch, Edward Engler, Mark Harder, Lisa Kaliski, Amy Poelker, June Schmidt, Kelly Stavros, Ernie Trakas, and Richard Wolfe (collectively the "Arps Plaintiffs"), by and through counsel, and for Arps Plaintiffs' Memorandum in Opposition to Motion to Dismiss or Sever Count IV hereby submit the following relevant argument and citations to authorities on which Arps Plaintiffs rely in support this opposition memorandum.[1]

---

[1] Since the Arps Plaintiffs' action was consolidated into this action the term "Bowman Plaintiffs" references the moving party. Capitalized terms shall have the same meaning as used in the underlying motion.

1

## I. Dismissal of Count IV is Not Warranted

The Bowman Plaintiffs' request to dismiss Count IV for improper joinder must be denied. Rule 20 of the Federal Rules of Civil Procedure permits, in relevant part, a plaintiff to join multiple defendants into one action if "(A) any right to relief is asserted against them ... arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If there is some transactional link between defendants joinder is appropriate. *ReFX Audio Software Inc v. Does 1-100*, 2013 WL 6190693, at *2 (E.D. Mo. November 26, 2013); see also *Private Lenders Group, Inc v. Does 1-17*, 294 F.R.D. 513, 515-16 (E.D. Mo. 2013). In Count IV the Arps Plaintiffs' plead a single occurrence with common questions of law and fact, namely, whether the Doe Defendants conspired to interfere with protected constitutional rights by interfering with the duties of the Reapportionment Commission to adopt a plan of apportionment in compliance with the United States Constitution and the Missouri Constitution, therefore dismissal is unwarranted. Moreover, misjoinder of parties is not a ground for dismissing an action. Fed. R. Civ. P. 21; *Id.* at *1.

## II. The Court Should Not Exercise its Discretion to Sever Count IV

The question presented is not one of improper joinder, it is whether the Court should exercise its discretion in the interests of justice to sever Count IV. The aim of Rule 20 is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *Mosely v. General Motors Corporation*, 497 F.2d 1330, 1332 (8th Cir. 1974) citing 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1652 at 265 (1972). Rule 20 vests the court with the discretion to order separate trials or make such other orders as will prevent delay or prejudice. Fed. R. Civ. P. 20(b); *Id.*

The relationship of Count IV to the parties' pleadings is straightforward, as explained by the Bowman Plaintiffs. Arps Plaintiffs need not repeat the relationship of the pleadings to the

applicable timeline.  Whether Count IV will impact the need to adjudicate the Map Claims by February 22, 2022 is a decision left to the discretion of the Court.  Arps Plaintiffs do not believe it is necessary to sever Count IV as Count IV will not interfere with a timely final determination of the Map Claims.  Further, it is not clear from the underlying motion how Count IV, if left undisturbed, will prejudice the Bowman Plaintiffs.

### III.   Conclusion

For the foregoing reasons, the Court should deny in the entirety the Motion to Dismiss or Sever Count IV.

**SPOONER LAW, LLC**

By: */s/ Jack B. Spooner*
Jack B. Spooner     #38382MO
34 North Brentwood Blvd., Suite 210
St. Louis, Missouri 63105
Phone: (314) 725-4300
Facsimile: (314)725-4301
Email: jbs@spoonerlawllc.com
*Attorneys for Arps Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned certifies that he signed the original Arps Plaintiffs' Initial Rule 26 Disclosures and that on this 30th day of December 2021 a copy of same was served on all counsel of record ____ by electronic transmission through the CM/ECF system and/or **XX** by electronic transmission to the following:

**Gerald F. Greiman**
**Thomas W. Hayde**
SPENCER FANE LLP
Email: ggreiman@spencerfane.com
Email: thayde@spencerfane.com
*Attorneys for Bowman Plaintiffs*

**Steven W. Garrett**
**Edward J. Sluys**
CURTIS, HEINZ, GARRETT & O'KEEFE, P.C.
Email: sgarrett@chgolaw.com
Email: esluys@chgolaw.com
*Attorneys for Defendants*

**Jane E. Dueker**
JANE DUEKER, LLC
Email: janedueker@gmail.com
*Co-counsel for Arps Plaintiffs*
**Rita Heard Days**

_____*/s/Jack B. Spooner*_____

3