## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOHN BOWMAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:21-cv-01406-NAB |
| ) | |
| ROBERT L. CHAMBERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### BOWMAN PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR SEVER ARPS PLAINTIFFS' CONSPIRACY CLAIM

The Bowman Plaintiffs, by and through their undersigned counsel, submit this reply memorandum in support of their Motion to Dismiss or Sever the Arps Plaintiffs' Conspiracy Claim (the "Motion"). The requirements of Rule 20 are not met here; even assuming *arguendo* that they were, other considerations make joinder problematic here; and the Arps Plaintiffs have wholly failed to refute the arguments underpinning the Motion.

The Arps Plaintiffs' Opposition summarily states that the Conspiracy Claim alleges "a single occurrence with common questions of law and fact." Opp., p. 2. However, the issue here is not whether the alleged conspiracy in Count IV is itself a "single occurrence" that has "common questions of law and fact." Rather, the issue is whether the Conspiracy Claim arises from the same transaction or occurrence as, and shares common questions of law or fact with, the Map Claims. The Arps Plaintiffs wholly fail to refute, or even respond to, the points in the Motion demonstrating that the Conspiracy Claim and the Map Claims lack the required nexus.

Significantly, the Arps Plaintiffs omit to explain their view of the "relationship" between the Conspiracy Claim and the Map Claims, instead adopting by reference the description of that relationship set forth in the Bowman Plaintiffs' Motion. Opp. p. 2. Yet, the Motion sets forth the

reasons why the Map Claims and Conspiracy Claim do not arise from the same occurrence or transaction, and do not share common questions of law or fact.  And, the Motion further clearly sets forth the practical reasons for dismissal or severance.

The Arps Plaintiffs cite *ReFX Audio Software Inc. v. Does 1-100*, No. 4:12 CV 2095 RWS, 2013 WL 6190693 (E.D. Mo. Nov. 26, 2013) for the proposition that permissive joinder is proper "[i]f there is some transactional link between defendants." Opp. p. 2. Yet, the Arps Plaintiffs never deign to explain the supposed "transactional link" between the Board of Election Commissioners on the one hand and 20 unnamed, unidentified parties who allegedly interfered with the Reapportionment Commission on the other. Moreover, *ReFX* is an odd authority for the Arps Plaintiffs to cite. In *ReFX*, Judge Sippel severed 99 of 100 plaintiffs' claims in a BitTorrent "swarm joinder" copyright infringement case.[1]  Judge Sippel found that permissive joinder was improper because the requisite "transactional link" was missing, but more importantly here, also found that even if joinder was proper, he would have exercised his discretion to sever the plaintiffs anyway for manageability concerns.

For the reasons set forth in the Motion and this reply, the Motion to Dismiss or Sever should be granted.

---

[1] Likewise, the Arps Plaintiffs' other cited authority, *Priv. Lenders Grp., Inc. v. Does 1-17*, 294 F.R.D. 513 (E.D. Mo. 2013), was a "swarm" joinder copyright case. In that case this Court, Judge Jackson presiding, found the plaintiffs were misjoined due to the lack of a "transactional link" and dismissed (without prejudice) all but the first named plaintiff's claims.

Respectfully submitted,

/s/ *Thomas W. Hayde*
Gerald P. Greiman, #26668
Thomas W. Hayde, #57368
**SPENCER FANE LLP**
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Tel.: (314) 863–7733
Fax: (314) 862–4656
ggreiman@spencerfane.com
thayde@spencerfane.com

*Attorneys for Bowman Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2022, I electronically filed the foregoing through the Court's CM/ECF system, to be served on counsel for all parties through the Court's electronic notification system

       /s/ *Thomas W. Hayde*