UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN BOWMAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:21-CV-1406 NAB |
| ROBERT L. CHAMBERS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Bowman Plaintiffs'[1] Motion to Dismiss or Sever Arps Plaintiffs'[2] Conspiracy Claim. (Doc. 23.) In the motion, the Bowman Plaintiffs move to dismiss Count IV of the Arps Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 20 and 21. Alternatively, the Bowman Plaintiffs move to sever the claim into a separate action and stay that separate action pursuant to Rules 20(b) and 42(b). The Arps Plaintiffs filed an opposition (Doc. 25) and the Bowman Plaintiffs filed a reply (Doc. 26). Defendants have not filed a response, and the time to do so has passed. For the reasons discussed below, the Court grants the motion.

**Background**

There are two sets of plaintiffs involved in this case: the Bowman Plaintiffs and the Arps Plaintiffs. Each set of plaintiffs separately filed a lawsuit because the St. Louis County Council Reapportionment Commission ("Reapportionment Commission") failed to adopt or file a plan to reapportion the boundaries of the St. Louis County Council districts (the "Districts") before their

---

[1] The "Bowman Plaintiffs" are Plaintiffs John Bowman, Karen Cloyd, Glenn Koenen, Susan Meredith, Tommie Pearson, Jr., Dana Sandweiss and Brian Wingbermeuhle.
[2] The "Arps Plaintiffs" are Plaintiffs Becky Arps, Rene Artman, Adam Bohn, Rita Heard Days, Edward Engler, Tim Fitch, Mark Harder, Lisa Kaliski, Amy Poelker, June Schmidt, Kelly Stavros, Ernie Trakas, and Richard Wolfe.

deadline on November 28, 2021. Each set of plaintiffs named the members of the St. Louis County Board of Election Commissioners ("Board") and/or the Board itself as Defendants (the "Board Defendants"). On the motion of the Arps Plaintiffs, these cases were consolidated.

The Bowman Plaintiffs are seven registered St. Louis County voters, each from one of the seven Council Districts. The Bowman Complaint seeks a declaratory judgment against the Board Defendants.[3] The Bowman Plaintiffs' Complaint seek a declaration that the current Council Districts are unequal in population and violate constitutional requirements. They also request that the Court reapportion and redraw the Council Districts as soon as practicable and before candidacy filing opens on February 22, 2022.

The Arps Plaintiffs are thirteen registered voters in St. Louis County, including some members of the Reapportionment Commission, and some elected representatives from the County Council. Like the Bowman Complaint, the Arps Plaintiffs' original complaint sought a declaratory judgment against the Board Defendants. After filing their motion to consolidate the cases but before receiving a ruling on the motion to consolidate, the Arps Plaintiffs filed a First Amended Complaint. The First Amended Complaint added four plaintiffs, unnamed defendants, and a new conspiracy claim. The Arps Plaintiffs' First Amended Complaint contains four counts: Count I is for a declaratory judgment against the Board Defendants; Count II is for application of the Voting Rights Act against the Board Defendants; Count III is for enforcement of constitutional protections against the Board Defendants; and Count IV is for conspiracy to interfere with civil rights against John Doe Defendants 1 through 20 (the "Conspiracy Claim"). The John Doe Defendants have yet to be identified.

---

[3] The Board is sued nominally, inasmuch as the Board would violate County voters' equal protection rights by conducting the next Council elections using the current election maps drawn based on the 2010 Census. (Doc. 23 at 2.)

2

For ease of reference, the Bowman Plaintiffs' claim and the Arps Plaintiffs' claims in Counts I through III of their Amended Complaint regarding the redrawing of district maps are hereinafter referred to as the "Map Claims."

**Motion to Dismiss or Sever**

In the motion to dismiss or sever, the Bowman Plaintiffs request that the Court dismiss the Conspiracy Claim. They argue that the joinder of the Conspiracy Claim against the Doe Defendants does not meet the requirements of Rule 20. They assert substantially different discovery is involved in the Conspiracy Claims, and the legal issues presented by the Conspiracy Claim are different than the issues in the Map Claim. Alternatively, if the Court does not sever and dismiss the Conspiracy Claim under Rule 20, the Bowman Plaintiffs argue that the Court should exercise its discretion to sever the Conspiracy Claim into a separate case and stay it until resolution of the Map Claims.

The Arps Plaintiffs resist the motion, arguing that the facts do not support dismissal or severance. They argue that the Conspiracy Claim alleges a single occurrence with common questions of law and fact and that there is a transactional link between Defendants such that joinder is proper. Additionally, the Arps Plaintiffs argue that the Court should not exercise discretion to sever the Conspiracy Claim because the aim of Rule 20 is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

**Legal Standards**

Federal Rule of Civil Procedure 20 governs "Permissive Joinder of Parties." Pursuant to Rule 20(a)(2), multiple defendants may be joined in a single lawsuit if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law

or fact common to all defendants will arise in the action."

Federal Rule of Civil Procedure 21 "Misjoinder and Nonjoinder of Parties" provides, "on motion or on its own, the court may at any time, on just terms, add or drop a party." The primary function of Rule 21 is to cure the misjoinder or nonjoinder of parties. "In the absence of misjoinder or nonjoinder, a court may issue an order pursuant to Rule 21 to structure a case for the efficient administration of justice." *New Life Evangelistic Ctr., Inc. v. City of St. Louis, Mo.*, No. 4:15-CV-00395-JAR, 2015 WL 2383499, at *11 (E.D. Mo. May 19, 2015); *see also Stark v. Indep. Sch. Dist. No. 640,* 163 F.R.D. 557, 564 (D. Minn. 1995) (There is "an unarticulated premise that the underlying purpose of Rules 19, 20 and 21 is to allow the district court itself to exercise its power to align the parties and the issues presented in a single lawsuit in a way that will foster judicial efficiency, while protecting parties against prejudice.").

In determining whether joinder is appropriate, the Court has wide discretion to order separate trials, sever participants or claims, or order other relief to permit the just, speedy, and inexpensive determination of the action. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974).

**Discussion**

The Arps Plaintiffs have not shown that the joinder of the Doe Defendants and the Board Defendants meets the requirements of Rule 20(a)(2). The Arps Plaintiffs cite two cases in support of their contention that the Conspiracy Claim should not be dismissed. *See ReFX Audio Software Inc. v. Does 1-100*, No. 4:12 CV 2095 RWS, 2013 WL 6190693 (E.D. Mo. Nov. 26, 2013); *Priv. Lenders Grp., Inc. v. Does 1-17*, 294 F.R.D. 513 (E.D. Mo. 2013). Both cases involve whether "swarm joinder" of doe defendants in copyright infringement cases is appropriate.

In *ReFX Audio Software Inc.*, the plaintiff copyright holder sued Does 1-100, alleging

4

copyright infringement and identifying the doe defendants by their IP addresses. 2013 WL 6190693, at *1. The plaintiff alleged the doe defendants acted in concert when they joined a single Bit Torrent[4] swarm to obtain and distribute copyrighted material. The court found that because each defendant joined the swarm on different dates, at different times, and no allegation indicated defendants exchanged copyrighted material with one another or even communicated with each other, defendants' conduct constituted separate and independent acts. Because any connection between defendants was speculative, joinder under Rule 20(a) was not proper. *Id.* at *2. The court determined that "[e]ven if joinder of the defendants in this action satisfied the requirements of Rule 20, I would exercise my discretion to sever in the interest of justice. Permitting joinder would undermine Rule 20's purpose of promoting fairness and judicial economy because it would result in a logistically unmanageable case." *Id.* The court severed and dismissed the claims of all but one defendant. *Id.* at *3.

In *Priv. Lenders Grp., Inc.,* the plaintiff copyright holder sued seventeen doe defendants for copyright infringement, claiming defendants shared its copyrighted motion picture and identifying defendants by their IP addresses. 294 F.R.D. at 514. Similar to the *ReFX Audio Software Inc.* court, the court in this case noted that each defendant engaged in the alleged BitTorrent activity on different dates and times, and while it was possible that some defendants obtained data from a preceding defendant, the connection between defendants was speculative, and joinder was not appropriate under Rule 20(a). *Id.* at 516. The court severed and dismissed the claims against all defendants except Doe 1. *Id.*

These cases do not persuade the Court that the Doe Defendants are properly joined here. Permissive joinder of defendants requires that (A) any right to relief asserted against defendants

---

[4] BitTorrent is a file sharing program that can be used to obtain and distribute files. BitTorrent facilitates rapid sharing of data files by organizing users into distribution networks known as "swarms."

5

arises out of the same transaction, occurrence, or series of transactions or occurrences, and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). The Bowman Plaintiffs focus on the latter requirement, arguing that the legal issues presented in the Conspiracy Claim differ from the legal issues presented in the Map Claims. The Arps Plaintiffs respond that the Conspiracy Claim "plead[s] a single occurrence with common question of law and fact, namely, whether the Doe Defendants conspired to interfere with protected constitutional rights by interfering with the duties of the Reapportionment Commission to adopt a plan of apportionment in compliance with the United States Constitution and the Missouri Constitution." (Doc. 25 at 2.) The Arps Plaintiffs' argument does not explain how the Conspiracy Claim shares questions of law and fact *with the Map Claims*. The Map Claims require the Court to determine whether the existing districts are unconstitutional due to changes in population.[5] The relief sought is a declaration that the existing map is unconstitutional, and for the Court to redraw district lines so that the Board Defendants will utilize a new constitutional map for future elections. The Arps Plaintiffs' Conspiracy Claim requires a factfinder to determine whether the Doe Defendants conspired to interfere with Plaintiffs' constitutional rights by interfering with the duties of the Reapportionment Commission to adopt a new map, including whether the Doe Defendants were motivated by animus towards a particular class or group. The constitutionality of the map is a separate issue from the conduct of unnamed parties in the events leading up to the Reapportionment Commission's failure to agree on a proposed map. These claims involve distinct legal issues and underlying factual bases.

Additionally, the Arps Plaintiffs have not explained how the Doe Defendants are transactionally linked with the Board Defendants. The Arps Plaintiffs bring different claims and

---

[5] It appears to be undisputed that the existing Districts, which were based on the population at the time of the 2010 Census, are now unconstitutional.

6

seek different relief from the Board Defendants and the Doe Defendants. The limited allegations regarding conspiracy to interfere with constitutional rights do not sufficiently identify a transactional link between the two groups of defendants. "Permissive joinder should not be permitted when it rests upon a pure legal fiction." *Priv. Lenders Grp., Inc. v. Does 1-17*, 294 F.R.D. 513, 515 (E.D. Mo. 2013). Because any connection between the Board Defendants and the Doe Defendants is speculative at this point, joinder of defendants under Rule 20(a) is improper.

Even if joinder of the Conspiracy Claim against the Doe Defendants satisfied Rule 20, the undersigned would sever the claim in the interest of promoting fairness and judicial economy. "The purpose of the [joinder] rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) citing 7 C. Wright, Federal Practice and Procedure § 1652 at 265 (1972). "Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Id.* The policies that Rule 20 intend to serve would not be served by joinder of the Map Claims and the Conspiracy Claim. These claims will not be resolved in a single trial. The Bowman Plaintiffs and the Arps Plaintiffs both sought an expedited schedule in an effort to resolve the Map Claims before February 22, 2022. The Doe Defendants have yet to be identified, and therefore were not a part of the expedited discovery. They have not had the opportunity to participate in depositions, and the Arps Plaintiffs have not indicated they intend to name the Doe Defendants prior to the February 1, 2022 bench trial proceeding on the Map Claims. Once the Doe Defendants are identified, there will be a question of whether the unnamed defendants waive their right to a jury trial as the Map Claims parties have done. There will also be a question of whether the unnamed defendants consent to the undersigned's jurisdiction pursuant to 28 U.S.C. §636(c).[6]

---

[6] If the Doe Defendants do not consent to magistrate judge jurisdiction, the case will be reassigned to a District Judge.

These uncertainties may cause delay in a case that all parties agree should be expedited. Because the Conspiracy Claim and the Doe Defendants' defenses will require independent discovery, possible dispositive motions, and a separate trial involving separate factual and legal issues, severance is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Bowman Plaintiffs' Motion to Dismiss or Sever Arps Plaintiffs' Conspiracy Claim is **GRANTED**. (Doc. 23.)

**IT IS FURTHER ORDERED** that Doe Defendants 1-20 are **severed** from this action and the claims against them are **dismissed without prejudice**.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of January, 2022.