UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| John Bowman, *et al.,* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Cause No.: 4:21-cv-01406-NAB |
| vs. | ) | |
| | ) | |
| Robert L. Chambers, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**Defendants Robert L. Chambers, Patricia Yaeger, Marsha E. Haeffner and Florence Hill's Pre-Trial Brief**

Pursuant to this Court's Amended Case Management Order (Doc. #22 – as amended by docket entry #39), Defendants Robert L. Chambers, Patricia Yaeger, Marsha E. Haeffner and Florence Hill ("Defendant Commissioners")[1] hereby submit their pre-trial brief:

**Introduction**

Defendant Commissioners are nominal Defendants in the case at bar and, therefore, do not submit proposed findings of fact and conclusions of law. Defendant Commissioners do not take a position as to the competing arguments made between the Arps Plaintiffs[2] and the Bowman Plaintiffs.[3] As discussed during the Rule 16 Conference, Defendant Commissioners are ready to provide the Court with any technical assistance the Court deems necessary or

[1] The Defendant Commissioners collectively form the St. Louis County Board of Election Commissioners ("Election Board").

[2] The Arps Plaintiffs are the named Plaintiffs from Cause 4:21cv-01410-HEA which was consolidated into Cause 4:21-cv-01406-NAB, namely Becky Arps, Rene Artman, Adam Bohn, Rita Heard Days, Edward Engler, Tim Fitch, Mark Harder, Lisa Kaliski, Amy Poelker, June Schmidt, Kelly Stavros, Ernie Trakas and Richard Wolfe.

[3] The Bowman Plaintiffs are the Plaintiffs in Cause 4:21-cv-01406-NAB, namely John Bowman, Karen Cloyd, Glenn Koenen, Susan Meredith, Tommy Pierson, Jr., Dana Sandweiss and Brian Wingbermuehle.

appropriate to allow it to prepare the map, whether it decides to adopt a map proposed by any of the Plaintiffs or draw its own.

As discussed herein, Defendant Commissioners wish to address two issues, namely: (1) deadlines for implementing changes to the County Council District boundaries; and (2) claims for attorneys' fees.

## Discussion

### I. <u>Timing of changes to District Boundaries.</u>

Candidate filing for the upcoming election begins February 22, 2022. If the County Council Districts are redrawn, any changes would need to be effective prior to that date. The Election Board respectfully requests that if this Court determines that the Council Districts are mal-apportioned and it is, therefore, necessary to redraw the boundaries, that such Order be entered as far in advance of February 22, 2022, as feasible for the Court. If possible, the Election Board respectfully requests that the revised boundaries be determined by February 8, 2022.

The Election Board stands ready to implement any changes ordered by the Court, but the closer to the election date the changes are made the greater the risk. If the Districts are not finally determined prior to February 15, 2022,[4] it could risk the ability of the Election Board to administer the election using the proper County Council Districts.

### II. <u>Attorneys' Fees</u>

As this Court is aware, the consolidated case at bar has become hotly contested. Significant numbers of depositions have been taken, and much of the discovery has focused on

[4] This date assumes that the Election Board's mapping staff and software are utilized to assist with drawing the map adopted by the Court.

matters related to the processes, meetings and disputes that led to the Reapportionment Commission's failure to adopt a revised map, and not what the proper map should be.

Defendant Commissioners are aware that, at least in the last two reapportionment cases[5], the Court has awarded reasonable attorneys' fees to the plaintiffs. However, in both those cases the Court upon consideration, awarded less than the amounts requested by the Plaintiffs in attorneys' fees. In *Corbett v. Sullivan*, 353 F.3d 628 (8th Cir. 2003) the Court reviewed the District Court's award of attorneys' fees following the 2000 census redistricting, where three requests for attorneys' fees[6] were made. The Eighth Circuit affirmed the District Court's decision to reduce the award of fees to the Republican plaintiffs to the same amount awarded to the Democratic plaintiffs determining that they "find nothing wrong with the District Court's decision to award the Republicans and Democrats the same amount." *Id*. at 631.

Similarly, in *Stenger v. Kellett*, 2012 WL 6085163 (E.D. Mo. December 6, 2012), the Court reduced the request for attorneys' fees to what it determined to be reasonable under the facts of the case.

Much of the discovery conducted in this case, including discovery that the Election Board has had to respond to, is not germane to the central issue of determining the appropriate County Council District boundaries. Such a factor should be considered in determining what fees the taxpayers should be asked to pay.

Furthermore, the Defendant Commissioners as nominal defendants, have not undertaken any action to increase the costs incurred by the Plaintiffs. Instead, the Election Board attempted

---

[5] *Corbett, et al. v. Sullivan, et al.*, (4:01-CV-02006CDP) and *Stenger et al. v. Kellett, et al.,* (4:11-CV-2230TIA).

[6] Presumably there will be three separate requests in the case at bar also.

to help with the redistricting process by providing access to its staff and software to the Reapportionment Commission during its attempts to adopt a new map.

Redistricting cases are unusual in that the Election Board has not actually conducted an election using mal-apportioned districts, and the failure to adopt reapportioned districts was caused by the Reapportionment Commission, not the Defendant Commissioners.[7] The Defendant Commissioners have no authority to *sua sponte* draw new Council Districts for St. Louis County.

While any fees awarded to the Plaintiffs in this case will ultimately be paid by St. Louis County (as a result of the County's obligation to fund the costs of administering elections), it is important that the taxpayers are not asked to pay a sum greater than what is reasonable under the totality of the circumstances of the case at bar. The Election Board further anticipates that, as in prior years, the County may seek to intervene when the issue of the award of attorneys' fees comes before this Court for its consideration.

The Defendant Commissioners recognize that the question of attorneys' fees will be the subject of future briefing and argument after the final map is adopted, and the Plaintiffs have made their respective requests for attorneys' fees.

Respectfully submitted,

---

[7] Defendant Commissioners recognize that at least in the last two cases addressing County Council District reapportionment the Courts have awarded attorneys fees. However, the Election Board is truly only involved to the extent it is the agency that is required to implement the change. In *Stavitsky v. Board of Elections in New York*, 198 F.Supp.2d 271 (E.D. N.Y. 2002), the District Court declined to hold the election authority jointly and severally liable for attorneys' fees incurred by candidates seeking to have their name added to the ballot. As in the case at bar, the plaintiffs were not aggrieved by any action taken by the election authority, which was only a participant in the case "to effectuate any relief that was granted." *Id.*

CURTIS, HEINZ, GARRETT &
O'KEEFE, P.C.

*/s/ Edward J. Sluys*
Edward Sluys, #60471MO
Steven W. Garrett, #27756MO
*Attorneys for Defendants*
130 South Bemiston, Suite 200
Clayton, Missouri 63105
314-725-8788
314-725-8789 (fax)
esluys@chgolaw.com
sgarrett@chgolaw.com

**CERTIFICATE OF SERVICE**

A copy of the above and foregoing was served upon the following via email this 30th day of January, 2022 upon all counsel of record

/s/ Edward J. Sluys