**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BECKY ARPS, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 4:21-cv-01406NAB |
| | ) | |
| ROBERT L. CHAMBERS, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

## ST. LOUIS COUNTY, MISSOURI'S MOTION TO INTERVENE

Comes now St. Louis County, Missouri, pursuant to Federal Rule of Civil Procedure 24(a) and for its motion to intervene states as follows:

1.  St. Louis County, Missouri is Charter County of the State of Missouri that has the power to sue and be sued.

2.  Pursuant to Section 115.015 et seq, R.S.Mo. 2000, St. Louis County has a Board of Election Commissioners ("Board") that is the election authority in St. Louis County.

3.  The Board is a party to this action.

4.  Pursuant to Section 115.075, R.S.Mo., St. Louis County is obligated to pay election expenses incurred by the Board from St. Louis County's general revenue.

5.  If the Court requires defendant Board to pay any part or all of the costs of this action or the attorney fees requested in this action, St. Louis County will be obligated to provide the Board with sufficient funds from its general revenue to pay such amounts.

6.  Federal Rule 24(a) provides, in relevant part, that "[u]pon timely application anyone shall be permitted to intervene in an action: … (2)when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated

that the disposition of the action may as a practical matter impair or imped the applicant's ability to protect that interest…."

7.  A judgment against the Board for costs or attorneys' fees in this action will have the same fiscal impact on St. Louis County as if the same judgment had been imposed upon St. Louis County.

8.  It is routine and customary for a party impacted by the expense of litigation to move to intervene in order to be fully apprised of the Court's rulings concerning any award of fees or expenses.

9.    As a practical matter, the disposition of motions for costs and attorneys' fees in this case without participation by St. Louis County will seriously impair the ability of St. Louis County to protect its general revenue fund.

10.  There are substantial legal questions as to whether Plaintiffs' are prevailing parties entitled to attorneys' fees under 42 U.S. 1988, and also as to whether the amount of the attorneys' fees and costs are reasonable and necessary, for which St. Louis County has the right to assert legal defenses.

11.  St. Louis County cannot adequately assert legal defenses to the payment of the attorneys' fees and costs requested by the parties unless it is allowed to intervene in this action.

WHEREFORE, St. Louis County, Missouri moves this Court to allow St. Louis County to intervene in this action to contest the award of attorneys' fees and costs, the lawful amount of attorneys' fees and costs that defendants are required to pay, and such further related matters as arise.

Respectfully submitted,

BETH ORWICK
COUNTY COUNSELOR

By: */s/ Noah Goldkamp*
Noah Goldkamp #64480MO
Assistant County Counselor
Office of the County Counselor
41 S. Central Avenue, 9th Floor
Clayton, MO 63105
(314) 615-7042
(314) 615-4659 (direct)
(314) 615-3732 (facsimile)
ngoldkamp@stlouiscountymo.gov

*Attorney St. Louis County*

3

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned hereby certifies that on this 1st day of March, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's CM/ECF filing system upon all counsel of record.

<em>/s/ Noah Goldkamp</em>

4