UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN BOWMAN, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:21-cv-01406-NAB |
| ROBERT L. CHAMBERS, *et al.*, | ) ) ) |
| Defendants. | ) |

## BOWMAN PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

The Bowman Plaintiffs, by and through their undersigned counsel, submit this memorandum in support of their Motion for Award of Attorney's Fees and Costs.

## INTRODUCTION

Congress enacted the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, to encourage private parties to bring actions to redress civil rights violations through federal litigation, and enable them to recover their attorney's fees and costs incurred in so doing. Consistent with the Act, the Bowman Plaintiffs engaged the undersigned counsel and their law firm, Spencer Fane LLP, to pursue this action. But for the prosecution of this litigation, the constitutional rights of the Bowman Plaintiffs – and of all voters in St. Louis County – would have been threatened by the prospect of conducting elections for St. Louis County Council District representatives utilizing districts that are unequal in population, which would violate the "one person, one vote" requirement of the Equal Protection Clause and Article I, Section 2 of the Missouri Constitution. Because the Bowman Plaintiffs obtained a judgment that adopted a new, constitutionally-sound Council District map, and requires Defendants to conduct elections in

accordance with that map, they are prevailing parties entitled to recover their attorney's fees and costs (including expert fees) incurred in this action.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2021, the Bowman Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, seeking declaratory and other relief to vindicate their rights, as St. Louis County voters, to have County Council Districts comporting with the "one person, one vote" requirement of the Equal Protection Clause and Article I, Section 2 of the Missouri Constitution. Data from the 2020 Census demonstrated that the districts implemented following the 2010 Census were no longer equal in population, requiring redrawn boundaries. However, the body tasked by County law to redraw the Council Districts – the Bipartisan Reapportionment Commission – failed to adopt a new map, a circumstance for which neither County nor State law provides any recourse. In their Complaint, the Bowman Plaintiffs asked the Court to declare the existing districts to be unconstitutional, and reapportion and redraw the districts to comply with all constitutional and legal requirements (the "Map Claims").

Subsequently, the Arps Plaintiffs filed a separate lawsuit seeking similar relief. Before any response was filed, the Arps Plaintiffs filed a First Amended Complaint in their case, adding more plaintiffs as well as a new count against 20 John and Jane Does for an alleged conspiracy to violate civil rights. On December 14, 2021, the Arps Plaintiffs' action, as set forth in their First Amended Complaint, was consolidated into this action.

A Rule 16 scheduling conference was held on December 20, 2021. The parties sought, and obtained, an expedited schedule in an effort to allow the Court to rule and issue a new Council District map in time for candidate filing, set to open on February 22, 2022.

On December 30, 2021, the Bowman Plaintiffs moved to dismiss or sever the Arps Plaintiffs' conspiracy claim (see Doc. 23). On January 25, 2022, the Court granted that motion, dismissing the conspiracy claim without prejudice, and reasoning that "the events leading up to the Reapportionment Commission's failure to agree on a proposed map" were irrelevant to the Map Claims. Doc. 30, Pg ID 145.

During the course of the litigation, the parties exchanged written discovery and took several depositions. The parties submitted a Joint Stipulation of Uncontested Facts (Doc. 46), as well as Pretrial Briefs, Motions in Limine and other pretrial compliance. A final pretrial conference was held the afternoon of January 31, 2022. The parties argued several motions in limine.

A bench trial was conducted on February 1, 2022. The Bowman Plaintiffs presented testimony from their expert witness, Dr. David Kimball, a professor of political science at the University of Missouri – St. Louis who focuses his scholarship on American electoral behavior and who has served as an expert in other redistricting matters, including the County Council redistricting litigation in 2012. Dr. Kimball's report and testimony demonstrated that the existing Council Districts had shifted in population since the 2010 Census such that they were now unequal in violation of the "one person, one vote" principle. Further, Dr. Kimball offered testimony regarding the three maps proposed by the parties, with respect to the factors of compactness, population equality, racial fairness and respecting political subdivision boundaries. Other evidence was submitted via deposition transcripts in accordance with an agreement between the parties.

On February 22, 2022, the Court issued its Memorandum and Order (Doc. 78) and Judgment (Doc. 79). The Court granted the relief sought by the Bowman Plaintiffs' Complaint, declaring the existing district map unconstitutional and reapportioning and redrawing the Council Districts such that the County has seven County Council Districts as compact and equal in

3

population as may be, and compelling Defendants to conduct elections accordingly. This result protected the constitutional rights of all St. Louis County voters, and was achieved in a timely manner such that elections may proceed normally with no delay or other effect on candidate filing or election timelines.

## ARGUMENT

I.   **THE BOWMAN PLAINTIFFS ARE PREVAILING PARTIES ENTITLED TO ATTORNEY'S FEES AND COSTS PURSUANT TO 42 U.S.C. § 1988.**

Through the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, "Congress intended to promote diffuse private enforcement of civil rights law by allowing the citizenry to monitor rights violations at their source, while imposing the costs of the rights violations on the violators." *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001) (internal citations and quotation marks omitted). The Act provides that the "prevailing party" in certain civil rights actions, including suits, like this one, brought under § 1983, should recover a "reasonable attorney's fee." 42 U.S.C. §1988 (a)-(b). The Supreme Court has held that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983) (internal citations and quotation marks omitted).

"A plaintiff prevails …when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, 568 U.S. 1, 4, 133 S. Ct. 9, 11, 184 L. Ed. 2d 313 (2012) (internal citations and quotation marks omitted); *see also Advantage Media, L.L.C. v. City of Hopkins, Minn.*, 511 F.3d 833, 836 (8th Cir. 2008). "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Snider v. Peters*, 928 F. Supp. 2d

4

1113, 1116 (E.D. Mo. 2013), *aff'd sub nom. Snider v. City of Cape Girardeau*, 752 F.3d 1149 (8th Cir. 2014) (quoting *Hensley,* 461 U.S. at 433); *see also Fernandez v. St. Louis Cty., Missouri*, 538 F. Supp. 3d 888, 905 (E.D. Mo. 2021)("A plaintiff is a prevailing party under § 1988 if he succeeds on any significant issue in the case."). The Supreme Court has "repeatedly held that an injunction or declaratory judgment" will usually satisfy the "prevailing party" test as much as would a damages award. *Lefemine*, 568 U.S. at 4.

Here, the Bowman Plaintiffs are "prevailing parties" because the Court entered its Memorandum and Order and Judgment granting the relief sought in the Bowman Plaintiffs' Complaint. The Bowman Plaintiffs filed suit pursuant to 42 U.S.C. § 1983, requesting the Following relief:

> A. Declare that the current Council Districts are unequal in population such that they violate the requirements of the Constitution of the United States and the Missouri Constitution, and Plaintiffs' rights arising therefrom;
>
> B. Reapportion and redraw the Council Districts such that the County is divided into seven (7) districts of equal population as near as possible, comprised of contiguous territory as compact as may be, as soon as practicable and before candidacy filing opens on February 22, 2022;
>
> C. Enter any and all such injunctive or other relief that the Court determines is necessary or appropriate;
>
> D. Award to Plaintiffs, pursuant to 42 U.S.C. § 1988(b), all of their costs and attorney's fees incurred in this action; and
>
> E. Grant such other and further relief as the Court may deem just and proper.

Complaint (Doc. 1, p. 7 (Page ID #7)).

In its Memorandum and Order, the Court acknowledged the relief being sought: "The Bowman Plaintiffs and the Arps Plaintiffs seek, inter alia, to have the Court (1) declare that the current Council District boundaries are in violation of the requirements of the United States Constitution and the Missouri Constitution; and (2) reapportion the Council Districts such that St.

5

Louis County is divided into seven districts that are composed of contiguous territory as compact and nearly equal in population as possible." Memorandum and Order (Doc. 78) at 2-3 (Pg. ID 577-78).

The Court's Memorandum and Order declared the existing Council District boundaries violated the requirements of the United States Constitution and the Missouri Constitution. *See* Doc. 78 at 10, 26-27 (Pg. ID 585, 601-02). Further, the Court reapportioned and redrew the Council District boundaries such that the County is divided into seven districts composed of contiguous territory as compact and as nearly equal in population as possible. *Id*. at 24-27 (Pg. ID 599-602). The Court's Judgment, accordingly, included the declaratory relief sought by the Bowman Plaintiffs, and ordered the Defendants to conduct elections in accordance with the newly reapportioned and redrawn Council Districts. Doc. 79. The Bowman Plaintiffs are clearly "prevailing parties" under the standards for Section 1988 attorney fee awards.

## II. THE REQUESTED ATTORNEY'S FEES AND EXPENSES ARE REASONABLE AND APPROPRIATE.

"Because Section 1988 does not define the term 'reasonable attorney's fee,' courts have adopted the 'lodestar approach' – the 'guiding light of ... fee-shifting jurisprudence' – in making that determination. *Snider*, 928 F.Supp.2d at 1116-17 (*quoting Ladd v. Pickering,* 783 F.Supp.2d 1079, 1090 (E.D.Mo. 2011) (*quoting Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 130 S.Ct. 1662, 1672, 176 L.Ed.2d 494 (2010))). "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case," and "the lodestar method yields a fee that is presumptively sufficient to achieve this objective." *Perdue*, 559 U.S. at 552. The lodestar standard is "well-established" and "determines the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate." *Snider*, 928 F.Supp.2d at 1116-17 (*citing Hensley,* 461 U.S. at 433–34, 103 S.Ct. 1933). The lodestar approach

6

provides an 'initial estimate' of the appropriate amount to award that is strongly presumed to represent a reasonable fee." *Id*. (*quoting Perdue,* 130 S.Ct. at 1673).

The parties had to litigate this matter in an extremely compressed timeframe due to the urgency of reaching a resolution in time for candidate filing to open normally on February 22. The work performed in the case included:

- Analysis, research, drafting and client communications relating to preparation and filing of the Complaint;

- Analysis, research and communications with clients, the Court and other counsel relating to the filing of the Arps Complaint, consolidation of cases and scheduling trial and other deadlines;

- Analysis, research and drafting relating to motion to dismiss or sever the Arps Plaintiffs' conspiracy claims;

- Development of expert testimony from Dr. Kimball, including review and discussions concerning drafts of report;

- Obtaining discovery from Arps Plaintiffs including review and analysis of initial disclosures, and preparation for and taking depositions of Rita Days, Tim Fitch, Adam Bohn and Becky Arps;

- Addressing and responding to discovery sought by Arps Plaintiffs, including providing initial disclosures and preparing for and defending depositions of John Bowman, Dana Sandweiss, Sue Meredith and Brian Wingbermuehle;

- Analysis, research and drafting relating to responding to multiple motions of Arps Plaintiffs concerning alleged spoliation of evidence;

- Analysis, research, drafting and communications with other counsel and clients relating to preparation and filing of pretrial compliance documents;

- Trial preparation;

- Attending pretrial conference and trial; and

- Post-trial work including review and analysis of Court's Memorandum and Order and map, related client communications and preparation of application for attorney's fees and costs and supporting documents

Declaration of Gerald P. Greiman filed herewith ("Greiman Dec."), ¶ 5.

Attached to the Greiman Dec. as Exhibit A is a Billing Summary for Spencer Fane's work in this litigation, based on the firm's time and billing records, detailing the services rendered and time spent on this matter. The time entries and charges reflected in the attached have been reviewed in the exercise of the firm's normal billing discretion, and have been reduced in some instances to avoid duplicative or otherwise inappropriate charges. Greiman Dec., ¶ 6.

The hourly rates reflected in Exhibit A are the firm's standard hourly rates during 2021 for each of the lawyers and paralegals working on the case, specifically: Gerald Greiman - $630; Thomas Hayde - $470; and Melanie Cummins - $260. As attested to in the Greiman Declaration, the hourly rates sought in this fee application are fair, reasonable and appropriate. Also, Spencer Fane's standard hourly rates for each of Messrs. Greiman and Hayde and Ms. Cummins increased significantly effective January 1, 2022, and much of the work in this litigation was performed during 2022. The applicable 2022 rates are: Gerald Greiman - $695; Thomas Hayde - $535; Melanie Cummins - $280. However, this fee application applies the firm's 2021 rates to all of the work and services for which a fee award is sought, including work performed in 2022. In addition, the firm at times offers a ten (10) percent discount from its standard fees when performing work

8

for public or governmental entities, and a ten percent discount has been applied in the fee award being sought here. Greiman Dec., ¶ 7.

The total numbers of hours expended in this litigation by Messrs. Greiman and Hayde and Ms. Cummins, for which an attorney's fee award is being sought, are as follows: Mr. Greiman – 171.3 hours; Mr. Hayde – 191.7 hours; and Ms. Cummins – 41.7 hours. Applying the 2021 hourly rates detailed above, as well as the ten (10) percent discount addressed in the preceding paragraph, the total amount of the attorney's fees sought by this motion is $187,974.00. Greiman Dec., ¶ 8.

In addition to the attorney's fees addressed above, the Bowman Plaintiffs seek an award of expert witness fees to Dr. David Kimball. Exhibit B to the Greiman Declaration is an invoice submitted by Dr. Kimball, reflecting that Dr. Kimball is seeking to be compensated for 48 hours of work at a rate of $100 per hour. We believe that Dr. Kimball's work was of substantial value and assistance in this litigation, and his fees are eminently reasonable and should be awarded. Greiman Dec., ¶ 9.

In addition to the attorney's fees and Dr. Kimball's fees addressed above, the Bowman Plaintiffs incurred other costs in connection with this litigation consisting of the filing fee, the cost of deposition transcripts, the cost of the trial transcript and a courier expense of $45.00. Of those amounts, $7,019.45 constitutes taxable costs. Attached to the Greiman Declaration as Exhibit C are a spreadsheet and supporting vouchers detailing all of the costs sought, including Dr. Kimball's expert witness fees, in the aggregate amount of $11,864.45. Greiman Dec., ¶ 10. Attached to the Greiman Declaration as Exhibit D is a Bill of Costs breaking out those cost items from Exhibit C that represent taxable costs. Of the total costs of $11,864.45 sought (which includes Dr, Kimball's expert fees), the aggregate amount of the taxable costs is $7,019.45. Greiman Dec., ¶ 11.

In sum, the Bowman Plaintiffs seek an award of attorney's fees in the amount of $187,974.00, and an award of costs (including Dr. Kimball's expert fees) in the amount of $11,864.45, for a total of $199,838.45. Greiman Dec., ¶ 12.

In 2012, when the St. Louis County Council districts were reapportioned after the 2010 census by this Court (Hon. Terry I. Adelman), the plaintiffs were awarded attorney's fees, taxable costs and non-taxable costs in the total amount of $104,321.12. *See* Memorandum and Order in *Stenger v. Kellett*, No. 4:11-cv-2230-TIA (E.D. Mo. Dec. 6, 2012), appended to the Greiman Declaration as Exhibit E. In light of the fact that *Stenger* was decided ten years ago and there has been a significant rise in prevailing hourly rates for legal services since then, and the further fact that the *Stenger* case largely was litigated on an uncontested basis whereas there were many contested issues in the present litigation, the award of attorney's fees and costs sought here appears generally consistent with the attorney's fees and costs awarded in *Stenger*.

## **CONCLUSION**

For all the foregoing reasons, the Bowman Plaintiffs are clearly prevailing parties in this litigation, and the attorney's fees and expenses requested are reasonable and appropriate under the circumstances. The Court should grant the Bowman Plaintiffs' Motion for Award of Attorney's Fees and Costs, and award the full amount requested: attorney's fees in the amount of $187,974.00, and costs (including Dr. Kimball's expert fees) in the amount of $11,864.45, for a total of $199,838.45.

Respectfully submitted,

/s/ *Gerald P. Greiman*
Gerald P. Greiman, #26668MO
Thomas W. Hayde, #57368MO
**SPENCER FANE LLP**
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Tel.: (314) 863–7733
Fax: (314) 862–4656
ggreiman@spencerfane.com
thayde@spencerfane.com

*Attorneys for Bowman Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2022, I electronically filed the foregoing through the Court's CM/ECF system, to be served on counsel for all parties through the Court's electronic notification system

/s/ *Gerald P. Greiman*

11