THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BECKY ARPS, RENE ARTMAN, ADAM BOHN, RITA HEARD DAYS, EDWARD ENGLER, TIM FITCH, MARK HARDER, LISA KALISKI, AMY POELKER, JUNE SCHMIDT, KELLY STAVROS, ERNIE TRAKAS, and RICHARD WOLFE,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ROBERT L. CHAMBERS, MARSHA E. HAEFNER, FLORENCE L. HILL and PATRICIA YAEGER, in their capacity as members of the St. Louis County Board of Election Commissioners, the ST. LOUIS COUNTY BOARD OF ELECTION COMMISSIONERS,<br><br>　　　　　Defendants. | **Case No. 4:21-cv-01406 NAB**<br>*as previously consolidated from 4:21-cv-01410* |

## PLAINTIFF DAYS
## MOTION AND MEMORANDUM FOR ATTORNEY'S FEES

COMES NOW Plaintiff Rita Heard Days, by and through her attorney Jane E. Dueker, and for her Motion and Memorandum for Attorney's Fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and E.D. Mo. L. R. 8.02 and in accordance with the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988 states as follows:[1]

　　　1.　　Plaintiff Days brought this action to enforce rights conferred by the Fourteenth Amendment of the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and Article I, Section 2 of the Missouri Constitution, seeking a declaratory judgment that the district boundaries for the St. Louis County Council Districts drawn after the 2010 decennial census

---

[1] As of the filing of this motion, Plaintiff Days has incurred no allowable costs outside of attorney's fees.

1

violate principals of equal protection due to population changes occurring since those district boundaries were drawn as shown by the 2020 decennial census, requesting the Court reapportion the St. Louis County Council Districts in light of the failure of the St. Louis County Bipartisan Reapportionment Commission to do so.  **[ECF. No. 16, Page ID #59]**

    2.    Under 42 U.S.C. §§ 1983 and 1988 the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.  **42 U.S.C. § 1988**

    3.    In the pleadings filed herein, Plaintiff Days requested an award of costs and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, or otherwise as allowed by law.  **[ECF. No. 16, Page ID #66]**

    4.    Under Rule 54(d)(2) of the Federal Rules of Civil Procedure should a federal statute allow attorney's fees a party may by motion file a claim for attorney's fees and costs. **Fed. R. Civ. Pro. 54(d)(2)**

    5.    A party seeking an award of attorney's fees shall file a motion for attorney's fees no later than twenty one (21) days following entry of a final judgment.  **E.D. Mo. L. R. 8.02**

    6.    On February 22, 2022, the Court entered a Memorandum and Order which states in part as follows:

> "**IT IS HEREBY ORDERED** that the current St. Louis County, Missouri Council Districts are declared in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Constitution of Missouri."

The Memorandum and Order is incorporated herein by reference as if full set out.  **ECF No. 78**

    7.    On February 22, 2022, the Court entered a Judgment which states in part as follows:

> "**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the current St. Louis County, Missouri Council Districts are declared in violation of the

>Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Constitution of Missouri."

The Judgment is incorporated herein by reference as if full set out. **ECF No. 79**

8. Under the Memorandum and Order and the Judgment, the Court ruled in the Plaintiff Days' favor by finding that the district boundaries for the St. Louis County Council Districts drawn after the 2010 decennial census violated principals of equal protection due to population changes occurring since those district boundaries were drawn as shown by the 2020 decennial census and by reapportioning the St. Louis County Council Districts in light of the failure of the St. Louis County Bipartisan Reapportionment Commission to do so. **ECF. No. 78**

9. Under the Memorandum and Order, Judgment, and under 42 U.S.C. §§ 1983 and 1988, Rule 54(d)(2) and Eastern District Local Rule 8.02, incorporated herein by reference, Plaintiff Days is entitled to an award of attorney's fees and costs. *See* **Fed. R. Civ. Pro. 54(d)(2)(B)(ii).**

10. This Motion and Memorandum is timely filed as it is filed no later than twenty one (21) days after entry of final judgment. **ECF. No. 79.** *See* **Fed. R. Civ. Pro. 58; Fed. R. Civ. Pro. 54(d)(2)(B); E.D. Mo. L. R. 8.02.**

11. In addition to enforcing rights conferred by the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and the Missouri Constitution, it was necessary that the Arps Plaintiffs protect rights under the Voting Rights Acts that would be violated under Democratic Map V1 and address the Charter factors and the non-Charter factors, i.e., the traditional factors used when a court redraws district boundaries.

12. The Court's Memorandum and Order marks the fifth consecutive decade where private parties have been forced to seek judicial redress as a result of the failure of a commission to agree upon new district boundaries as required under the Charter. As such, awarding Plaintiff

Days' reasonable attorney's fees and costs is justified and encourages the County to adopt and/or employ a redistricting system that avoids the necessity of repeated private litigation and judicial oversight.

13. Plaintiff Days should not be penalized because (i) the County refuses to change a process that it has previously been warned is faulty (*Corbett v. Sullivan*, No. 4:01-CV-2006 CDP, 202 F. Supp. 2d 972, 975 (E.D. Mo. 2002); *see also Stenger v. Kellett*, No. 4:11-CV-2230 TIA, 2012 WL 601017, at *8 (E.D. Mo. Feb. 23, 2012)), (ii) the County through the Commission permitted a map that clearly violated the Voting Rights Act of Plaintiff Days and the voters of the 1st Council District to be proposed; (iii) the County opted to appoint commissioners that, despite the guidance of *Fletcher*, *Corbett* and *Stenger*, would refuse to adopt a map that didn't incorporate non-Charter factors (factors that could be used upon agreement and the evidence raised serious concerns why the commissioners couldn't come to an agreement) and would rely on non-Charter factors as the basis to not reach an agreement.

14. In *Reynold v. Sims*, 377 U.S. 533 (1964), the Supreme Court declared:

> "The right to vote freely for the candidate of one's choice is the essence of a democratic society and any restrictions on that right strike at the heart of representative government. And the right of suffrage can be denied by a debasement or delusion of the weight of the citizen's vote just as affectively as by wholly prohibiting the free exercise of the franchise." *Id*. at 555.

"In providing for attorney's fee awards in civil rights cases, Congress intended to promote diffuse private enforcement of civil rights law by allowing the citizenry to monitor rights violations at their source, while imposing the costs of the rights violations on the violators." *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001) (internal citations and quotations omitted). The Supreme Court declared in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) that a party "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in

4

litigation which achieves some of the benefit the parties sought in bringing suit." *Id*. at 433. The Supreme Court explained that this "brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is "reasonable." *Id*. Since the Arps Plaintiffs brought this action seeking to enforce the mandate of the Equal Protection Clause, and prevailed at trial protecting the interests of all voters of the County, the Arps Plaintiffs are a prevailing party in this action. *See also Farrar v. Hobby*, 506 U.S. 103, 109 (1992); *Fernandez v. St. Louis County, Missouri*, 538 F. Supp. 3d 888, 905 (E.D. Mo. 2021).

15. The starting point for determining the reasonableness of attorney's fees is the number of hours reasonably expended multiplied by a reasonable hourly rate as this calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. *Hensley*, 461 U.S. at 433; *Fernandez*, 538 F. Supp. 3d at 905 (Courts may consider other factors when determining a reasonable attorney's fee in addition to the time and labor required to litigate the case, including the novelty and difficulty of the questions involved, the skill required to perform the services properly, customary fees, the results obtained, and awards in similar cases.).

16. Moreover, "litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley*, 461 U.S. at 435.

17. An award of attorney's fees calculated by determining each attorney's reasonable hourly rate and the reasonable hours expended is "presumed to be the reasonable fee contemplated by § 1988." *Blum v. Stenson*, 465 U.S. 866, 897 (1984). In calculating the award, other factors that may be consider under *Fernandez*, 538 F. Supp. 3d at 905 and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974) include, to wit:

(1) time and labor required –

Plaintiff Days counsel estimates 72 hours of work on this matter as of the date of this motion. Work on this matter has included: client communication, map analysis, legal research, factual research, drafting and revising pleadings, obtaining and reviewing discovery, communication with counsel for all Plaintiffs counsel and defendants, trial preparation, pre-trial compliance, attendance at trial; post trial motion work.

(2) which provides a fair estimate of the time and labor provided as required under  Fed. R. Civ. Pro. 54(d)(2)(B)(iii)

At her customary rate of $410.00 per hour (*See,* (4) below),  Plaintiff Days reasonably estimates incurring $29,520.00 in attorney's fees to date.

(a verified and detailed billing summary will be provided by a supplement to this Motion and Memorandum);

(2) novelty and difficulty of the legal questions – the Court is an expert on an award of attorney's fees can determine the degree the legal questions presented that involve election law and constitutional law, and rely heavily on legal principles/precedent, are novel and difficult;

(3) skill required to perform the legal services – the Court as an expert on an award of attorney's fees can determine the skill necessary to litigate this action as an expedited matter;

(4) preclusion of other employment by the attorney due to acceptance of the case and time limitations imposed by the circumstances – these factors have primary importance as legal counsel is essentially a solo practitioner who had six (6) weeks from the Rule 26 Disclosures to prepare this action for trial, thereby precluding counsel from servicing or accepting other employment during this time period;

(5) the customary fee for similar work in the community and awards in similar cases – Plaintiff Days counsel's hourly fee of $410.00 are reasonable when compared to the fee customarily charged in the St. Louis area for similar type work and in past similar cases the attorneys were awarded comparable fees;

(6) the experience, reputation and ability of the attorney – Plaintiff Days' counsel has 30 years' experience in governmental litigation, voting rights and/or redistricting litigation (full CV recitation will be provided by supplement to this Motion and Memorandum); and

6

    (7)    the undesirability of the case and the nature and length of the professional relationship with the client – the case presents a unique challenge given the specialty of the matter, the expedited nature of the matter, and the attorney/client relationship in not traditional.

18.    Under the prevailing case law, and the circumstances surrounding this action, the attorney's fees sought to date by Plaintiff Days is fair, reasonable and customary.

WHEREFORE, based on the foregoing, Plaintiff Days prays the Court enter an order granting her Motion for Attorney's Fees for the amount of $29,520.00 and for such other and further relief as the Court deems just and proper.

**JANE DUEKER, LLC**

By /s/ *Jane E. Dueker*
Jane E. Dueker   #43156
1100 Town & Country Commons Dr.,
Box 7781
Town & Country, Missouri 63006
Phone: (314) 265-5072
Email: janedueker@gmail.com

***ATTORNEY FOR PLAINTIFF***
***RITA HEARD DAYS***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he signed the original foregoing pleading and that on this 15th day of March 2022 a copy of same was served on all counsel of record **XX** by electronic transmission through the CM/ECF system and/or **XX** by electronic transmission to the following:

**Gerald F. Greiman**
**Thomas W. Hayde**
SPENCER FANE LLP
Email: ggreiman@spencerfane.com
Email: thayde@spencerfane.com
*Attorneys for Bowman Plaintiffs*

**Steven W. Garrett**
**Edward J. Sluys**
CURTIS, HEINZ, GARRETT & O'KEEFE, P.C.
Email: sgarrett@chgolaw.com
Email: esluys@chgolaw.com
*Attorneys for Defendants*

**Jack B. Spooner**
SPOONER LAW, LLC
Email: jbs@spoonerlawllc.com
*Attorney for Arps Plaintiffs*

                                                              */s/ Jane E. Dueker*