# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BECKY ARPS, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 4:21-cv-01406NAB |
| | ) |
| ROBERT L. CHAMBERS, et.al., | ) |
| | ) |
| Defendants. | ) |

## INTERVENOR ST. LOUIS COUNTY'S RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

COMES NOW Intervenor St. Louis County (the "County"), by and through its undersigned counsel, and in response to Plaintiffs' motions for attorneys' fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, states as follows:

## INTRODUCTION

Pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920, the Plaintiffs to this litigation seek to recover approximately $317,285.95 in attorneys' fees and costs, including the fees charged by an expert witness. Intervenor St. Louis County (the "County") recognizes prevailing parties in litigation of this type are entitled to reasonable attorneys' fees and costs, and do not oppose an award of *reasonable* attorneys' fees and *necessary* expenses. The amounts sought by the Plaintiffs in this matter, however, are excessive, unreasonable, and far from necessary given the limited scope of this litigation. For these reasons, discussed more fully herein, the County respectfully requests this Court limit the award of fees and costs only to the extent such fees set forth herein.

## SCOPE OF LITIGATION

This lawsuit involves the Plaintiffs' request for court intervention to resolve reapportionment of the St. Louis County Council district lines following changes in the population of St. Louis County following the 2020 census. This litigation, initiated on November 30, 2021, and tried to this Court on February 1, 2022, involved a trial lasting no more than one day, and the presentation of two witnesses to the Court, one of which was an expert witness who has appeared before the court in prior litigation of a similar nature.

## ATTORNEYS' FEES

The Plaintiffs each seek separate legal fees and expenses, collectively $330,801.70 in total, and far exceeding the comparable litigation of years' past.[1] Broken down by Plaintiff, the fees and costs sought in this litigation are as follows:

    On Behalf of the Arps Plaintiffs……….. $93,180.00 in fees, $8,263.25 in costs

    On Behalf of the Bowman Plaintiffs…. $187,974.00 in fees, $11,864.45 in costs

    On Behalf of Plaintiff Rita Heard Days……………………….. $29,520.00 in fees

See Doc #88, 91 (Arps Plaintiffs); Doc #84, 85 (Bowman Plaintiffs); Doc #89 (Plaintiff Rita Heard Days). In fact, the total fees requested here far exceeds even the reasonable fees ordered by the

---

[1] In the 2012 litigation related to reapportionment, the Court awarded fees and costs totaling $111,071.12. *Stenger v. Kellett*, 4:11cv2230-TIA, Doc #82. In 2002, the Court awarded fees and costs totaling $173,794.05 related to reapportionment. *Corbett v. Sullivan*, 4:01cv02006-CDP, Doc #75.

court in the last two cases combined (a total of $284,865.17 was awarded in 2002 and 2012 combined).

Specifically, the fees included in each Plaintiffs' fee request can be further broken down into hourly rates and, with the exception of counsel for Plaintiff Rita Heard Days, by work performed and costs incurred.[2] Counsel for Plaintiff Rita Heard Days indicates she "estimates 72 hours work on this matter as of the date of this motion … At her customary rate of $410.00 per hour." Doc #89, p. 6.  Counsel for the Arps Plaintiffs indicates 171 hours work on this matter at the variable rate of $485.00/$495.00, and 29 hours of work at the rate of $310.00, depending on the attorney performing the work and the date the work was performed. Doc #91-1, p.7.  Counsel for the Bowman Plaintiffs indicates 171.3 hours at $630.00, 191.7 hours at $470.00, and 41.7 hours at $260.00, plus a 10% discount for performing work for public or governmental entities. Doc #85, p. 8-9.  Notably, the expert witness in this case, Dr. David Kimball – arguably more necessary to this litigation than anyone else – demands payment of just 48 hours of work at a rate of $100 per hour. Doc #85, p. 9.

## ARGUMENT

As noted *supra*, the County does not object to the award of reasonable attorney's fees.  Nor does the County disagree with Plaintiffs' contention that the lodestar amount should be calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended on this

---

[2] Counsel for the County checked the PACER filings related to motions for attorneys' fees on multiple occasions, including the morning of this filing, and found no supplemental motions, exhibits, or supporting affidavits filed by Counsel for Rita Heard Days.

case. But neither the number of hours, nor the hourly rates sought by the Plaintiffs are reasonable in this instance.

### 1. *Excessive Fees Should Be Reduced By The Court Based on Reasonableness.*

In the 2002 Court Order concerning an award of attorneys' fees related to the previous reapportionment of County Council districts, the Court drastically reduced an intervenor's request for attorneys' fees. See *Corbett v. Sullivan,* 353 F.3d 628, 631 (8th Cir.2003); *Corbett v. Sullivan*, No. 4:2001-cv-02006 (E.D.Mo. November 20, 2002). Plaintiffs here are similarly situated to the intervenors in *Corbett v. Sullivan*, who the Court described as having "over-layered the case." *Id*. In that case, the trial court slashed by more than half the fee amount requested, and the Eighth circuit affirmed the reduction. The Eighth Circuit further analyzed the District Court's order regarding the awarding of attorneys' fees, stating, "the Court did specifically note that some of the time spent by the Republican lawyers was unnecessary, and that the Corbett plaintiffs, unlike the Democrats, had used lawyers with higher hourly rates to do most of their work. The Court felt that this was unnecessary, and district courts are well qualified to make that sort of judgment." *Corbett*, 353 F. 3d at 631. Here as in *Corbett,* Plaintiffs' counsel chose to use lawyers in their firms with higher hourly rates than was necessary for a case that is repeatedly litigated every ten years. *Corbett v. Sullivan*, No. 4:2001-cv-02006, pg. 3, 5; *Corbett*, 353 F. 3d at 619.

In reaching its determination on Plaintiffs' motions for attorneys' fees, this Court can look to the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), which held:

> the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

Additionally, the *Hensley* Court noted that "a reasonable fee" includes a "reasonable hourly rate." *Id.* The amount of hours and rates submitted by Plaintiffs' counsel in this case are nowhere near reasonable, especially considering this case is near identical to previous lawsuits, much of the information is the same as in previous litigation, as the Court noted in *Corbett*. *Corbett v. Sullivan*, No. 4:2001-cv-02006, pg. 3, 5, and the case ultimately rests on the opinion of a single expert witness and this Court's capable judgment.

Given the straightforward nature of this case, Plaintiffs should have been able to file and try this case without the need for hundreds of hours of research and strategizing, and without billing at rates up to $630/hr. for work which neither required nor revealed any special expertise in redistricting law.  Any argument that this case presented novel legal issues is without merit. In fact, the Plaintiffs utilized the same expert witness used in the 2012 reapportionment case, *Stenger v. Kellett*, 4:11cv2230-TIA, effectively eliminating a great deal of work related to researching and obtaining the key witness in this entire case. Yet, somehow the Plaintiffs were able to expend additional legal fees of over $200,000 more than the Court deemed "reasonable" and awarded in the 2012 case.

The fees expended in this case clearly demonstrate the very issues of overstaffing, redundant and otherwise unnecessary legal fees warned of in *Hensley*. 461 U.S. at 434 ("the district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.' Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.")(internal citation omitted).  Despite each firm understanding they were performing work for a government entity, utilizing taxpayer dollars,

and that prior courts have specifically admonished excessive rates and rewarded the use of lower-cost associates, the collective attorney work on this case totals 606 hours performed by 4 attorneys at a rate exceeding $400 per hour, and a mere 70.7 collective hours performed by just 2 attorneys at a rate of less than $400 per hour.

Therefore, just as the Court held in *Corbett*, there exists in Plaintiffs' requests some work the Court should not consider reasonable, such as assigning the case to people with a higher rate of billable hour, utilizing multiple attorneys to conduct the same work, excessive meetings, conferencing, and strategizing. See *Corbett v. Sullivan*, No. 4:2001-cv-02006, pg. 3, 5. Similarly, the Court should not consider providing for the unreasonable costs associated with extraneous depositions, including the preparation and other related costs, the costs associated with the fishing expedition, and attempts to depose other individuals with no relevance to the creation of the reapportionment map itself, the only matter that is before this Court. See *Stenger v. Kellett*, 4:11cv2230-TIA, p. 5 ("the undersigned concludes that the bill, as detailed above, is excessive and also notes that it must ultimately be paid by the taxpayers of the county."); see also *Willson v. City of Bel-Nor, Missouri*, No. 4:18-CV-003 RLW, 2021 WL 2255003, at *9 (E.D. Mo. June 3, 2021).

Reasonable costs are those out-of-pocket expenses that "would normally be charged to a fee paying client." *Id.* citing *Jenkins v. Kansas City Mo. Sch. Dist.*, 525 F.3d 682, 682 n.1 (8th Cir. 2008). Clearly it is not reasonable to inflate fees charged to a private paying client for unnecessary depositions and fishing expeditions which ultimately would have no bearing on the final determination in this case which is based solely on population statistics. For example, even if the Plaintiffs had uncovered some evidence of a conspiracy – which they did not as evidenced by dismissal of the conspiracy claim – a conspiracy would not have impacted the expert witness'

opinion on reapportionment which is based solely on population demographics and statistics. As such, these fees are clearly outside the realm of "reasonable" under the law.

Furthermore, any motion for attorneys' fees submitted without supporting evidence should be reduced, if not denied. *Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

In sum, the County does not object to the payment of reasonable attorneys' fees and appropriate costs, based upon rates suitable for the community in which the case was heard and the complexity of the litigation. However, the County is obligated to protect public funds and argue for the just administration of costs and fees in this case. To the extent that it appears the County will be facing claims of this nature every 10 years, rewarding the excessive hours and billing rates presented in this litigation will only serve to encourage future counsel to spare no expense when handling the next reapportionment case. By reducing the fees to a reasonable sum not to exceed $300 for any attorney, removing any fees or costs related to duplicative attorney work and transcript fees, and excluding any fees deemed wholly unnecessary, this Court can alert future litigants and their counsel to the understanding that the reapportionment cases are as simple as hiring an expert witness and allowing them to present an opinion to the Court.

## **CONCLUSION**

For the reasons set forth herein, the County respectfully requests this Court reduce the fees and costs sought by the Arps Plaintiffs and Bowman Plaintiffs to an amount that is reasonable and appropriate, deny Plaintiff Rita Heard Days' request for fees as lacking proper accounting, and for such other relief as the Court may deem just and proper.

Respectfully Submitted,

BETH ORWICK
COUNTY COUNSELOR

/s/Noah Goldkamp

Noah J. Goldkamp, MO #64480
Assistant County Counselor
ngoldkamp@stlouiscountymo.gov
41 So. Central Avenue, 9th Floor
Clayton, MO, 63105
314-615-4659; Fax 314-615-3732
*Attorney for St. Louis County*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record on April 12, 2022:

/s/Noah Goldkamp
Noah Goldkamp