**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN BOWMAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:21-cv-01406-NAB |
| ) | |
| ROBERT L. CHAMBERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

'

**BOWMAN PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

The Bowman Plaintiffs, by and through their undersigned counsel, submit the following reply in response to Intervenor St. Louis County's Response to Plaintiffs' Motion for Attorney's Fees and Costs ("Response," Doc. # 93) and in further support of the Bowman Plaintiffs' Motion for Award of Attorney's Fees and Costs ("Motion," Doc. # 84).

St. Louis County (the "County") concedes that the Bowman Plaintiffs (and the other plaintiffs) are the "prevailing parties" and are entitled to an award of fees and costs pursuant to the applicable statutes (Response at 1), and further concedes "that the lodestar amount should be calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended on this case" (*id.* at 3-4). Accordingly, the County does not oppose some award of attorney's fees and costs, but asserts that the total amount requested by all Plaintiffs in the aggregate, including the Bowman Plaintiffs, the Arps Plaintiffs, and Rita Heard Days, is unreasonable on grounds that the number of hours spent on the litigation allegedly is excessive and the hourly rates charged allegedly are unreasonable.

As discussed below, the County's arguments should not serve to reduce the award of attorney's fees and costs sought by the Bowman Plaintiffs.

**ARGUMENT**

**1.  The Bowman Plaintiffs' Attorney's Hours Expended Are Reasonable.**

The County's Response broadly complains that the Court should cut some of the legal bills submitted by Plaintiffs for things "such as assigning the case to people at a higher rate of billable hour, utilizing multiple attorneys to conduct the same work, excessive meetings, conferencing, and strategizing." Response, Pg. ID 717. But the County fails to point to any particular Spencer Fane time entries that it contends the Court should cut for any of those reasons. The County references the 2002 County Council redistricting case, *Corbett*, and the 2012 case, *Stenger v. Kellett*, where attorneys were found to have overbilled for duplicating work among several attorneys, billing substantial hours for inadequately-described "trial preparation" tasks, and billing too much for intraoffice conferences among multiple attorneys. *Id*. Again, however, the County does not point to anything in the Spencer Fane billing records that falls into any of those overbilling categories.

Indeed, as opposed to duplication of efforts that may have occurred in past cases, we respectfully submit that the Spencer Fane billing records reflect a conscientious effort to accomplish an efficient division of labor. This is particularly true when considered in light of the fast-tracked and contested nature of the case. While the County relies heavily on the amount of fees awarded 20 years ago in *Corbett*, and 10 years ago in the *Stenger* case, the County overlooks the fact that the *Stenger* case was "essentially uncontested," a key factor pointed out by Magistrate Judge Adelman in his order on fees. *See* Doc. # 86-5, Pg. ID 665.

Moreover, when the County now vaguely complains of "extraneous depositions," a "fishing expedition" and "attempts to depose other individuals with no relevance to the creation of the reapportionment map" (Response, Pg. ID 717), it should be borne in mind that those were tactics of the Arps Plaintiffs, not the Bowman Plaintiffs. Indeed, the Arps Plaintiffs' litigation

tactics substantially increased the amount of work that the Bowman Plaintiffs' attorneys had to perform in responding to those tactics.  From the beginning of the case, the Bowman Plaintiffs took the position that matters such as the Arps Plaintiffs' conspiracy claims were irrelevant and immaterial to the asserted constitutional claims giving rise to the need for the Court to adopt or draw a new County Council Districts map. *See* Motion to Dismiss or Sever, Doc. # 23. The Court ultimately agreed with the Bowman Plaintiffs' arguments in that regard, granting the Motion to Dismiss or Sever (Doc. # 30). However, in the interim, the Arps Plaintiffs already had pursued their fishing expedition, forcing extraneous depositions.

Notably, the County did not take any position on these matters during the pendency of the lawsuit – despite its agency, the Board of Election Commissioners (the "Board"), having been a party throughout the case, and despite the Board having the ability to weigh in on matters that might affect the County's potential liability for attorneys' fees, which the Board wholly omitted to do.  The County's belated objection to the Arps Plaintiffs' pursuing extraneous aspects of this litigation are too little, too late, and should not serve to preclude the Bowman Plaintiffs' attorneys from being compensated for legal work in the case that they were compelled to perform.

**2. The Bowman Plaintiffs' Attorney's Hourly Rates Are Reasonable.**

The Bowman Plaintiffs submitted a Declaration of their lead counsel, Gerald Greiman, in support of the Motion, attesting to the reasonableness of the hourly rates sought, based on, among other things, his extensive experience in the relevant market. In its Response, the County submits no Affidavit or other evidence to contradict Mr. Greiman's Declaration regarding the reasonableness of the hourly rates sought.  Rather, the County baldly asserts, with no evidentiary support, that a rate cap of $300 per hour should be applied.  Response, Pg. ID 718.

To the extent the County's Response generally relies on *Corbett* and *Stenger* for its broad-brush arguments, hourly rates allowed by the Court 10 and 20 years ago do not fairly define or limit the current market. Moreover, ten years ago, in *Stenger*, the Court approved an hourly rate of $400 for attorney Jane Dueker, who was lead counsel in that case.

Further, in more recent civil rights litigation against the County, this Court has approved hourly rates of $575 and $475 for lead counsel and second chair, respectively. *See Fernandez v. St. Louis Cty., Missouri*, 538 F. Supp. 3d 888, 905 (E.D. Mo. 2021). In *Fernandez*, the applicant and the Court took into consideration the Billing Rates survey published by Missouri Lawyers Media in its newspaper, Missouri Lawyers Weekly. Attached hereto as Exhibits 1 and 2, respectively, are authentic digital copies of the Missouri Lawyers Weekly Billing Rates from 2019 and 2021. As noted in the 2021 version, the COVID-19 pandemic affected the number of cases actually tried and therefore the number of fee awards from which to gather data. Thus, the last pre-pandemic Billing Rates publication from 2019 is included for the Court's reference. These rate surveys support Mr. Greiman's sworn averment that the rates sought by the Bowman Plaintiffs' counsel in this case are reasonable.[1]

Finally, the County again cites the *Corbett* case, where it was determined the Republicans' lawyers in that case "had used lawyers with higher hourly rates to do most of their work." Response, Pg. ID 715. The County then makes the conclusory accusation that "Plaintiffs' counsel chose to use lawyers in their firms with higher hourly rates than necessary." *Id*. However, the County offers no evidence that other lawyers in the St. Louis office of Spencer Fane have the same

---

[1] Among many relevant data points in the Billing Rates surveys, one specific data point may be more so than others. The 2019 Billing Rates survey indicates that, four years ago in 2018, the Garrett Graves firm were awarded partner hourly rates of $575 and $460 in an election law matter. *See* 2019 Billing Rates at page BR5. The Garrett Graves firm, and the referenced attorneys in particular, were Messrs. Greiman and Hayde's opposing counsel in the *Pearson v. Koster* Congressional redistricting litigation in 2012.

experience litigating election law cases, and redistricting cases in particular, as Messrs. Greiman and Hayde. The County offers no evidence of the hourly rates of any other lawyers in the office, or whether those lawyers were qualified and available to take on the matter at hand. Given the complete lack of evidence that Spencer Fane could have staffed this matter with equally qualified yet much cheaper attorneys, what the County really is saying is that it believes this case should and could have been handled by lawyers with cheaper rates but similar experience and ability, regardless of whether such lawyers even exist or were available. That argument finds no support in any authorities cited by the County, or in *any* authorities concerning fee awards in civil rights cases of which the undersigned is aware.

### 3. Any Reductions in the Aggregate Attorney's Fees Sought in This Case Should Come From the Amounts Sought by Counsel for the Arps Plaintiffs or Rita Heard Days, Not the Bowman Plaintiffs.

To a large extent, the County's arguments that the attorney's fees awards sought in this case are excessive focus on the aggregate of the fees and costs sought by the three pending motions, rather than addressing the specifics of the fees and costs that the Bowman Plaintiffs seek to have awarded. To the extent the Court finds that the aggregate amount of the attorney's fees and costs sought is too high, we respectfully submit that any reductions should come from the amounts sought by counsel for the Arps Plaintiffs and Rita Heard Days, not the Bowman Plaintiffs.

Of the Bowman case and the Arps case, the Bowman case was the first-filed and, thus, lead case. The Bowman Plaintiffs' counsel thus were lead plaintiffs' counsel in the litigation. Moreover, the Bowman Plaintiffs were the only parties in the case who mustered expert testimony.

Further, as previously discussed, the Arps Plaintiffs engaged in various litigation tactics extraneous to the task of adopting or drawing a new, constitutional map for St. Louis County Council Districts. This not only resulted in the Arps Plaintiffs' own attorney's fees and costs being

5

unnecessarily inflated, it served to cause the Bowman Plaintiffs' counsel to incur extra attorney's fees in responding to the Arps Plaintiffs' extraneous pleadings, motions and discovery forays.

Finally, it should be borne in mind that when Rita Heard Days first became a party to this case – upon the filing of the Arps Plaintiffs' First Amended Complaint (Doc. # 16) – she was represented solely by the same lawyer who represented the other Arps Plaintiffs, Jack Spooner. Ten days later, on December 20, 2021, Jane Dueker entered her appearance as additional counsel for Ms. Days.  (Doc. # 17).  Ms. Days continued to be represented by both Mr. Spooner and Ms. Dueker until January 31, 2022 – the day before trial – when Mr. Spooner withdrew from representing Ms. Days, thus leaving Ms. Dueker as her sole counsel.  However, two weeks earlier, on January 17, 2022, Ms. Days testified at her deposition that she was solely concerned with the boundaries of the First County Council District, that she represented – not the boundaries of any of the other Districts – and that the proposed First District on the Democratic Commissioners' proposed version three map looked fine to her. (Days Deposition, p. 22, l. 12 – p. 24, l. 4).[2] Accordingly, it is not clear what agenda or interests Ms. Dueker was pursuing in her representation of Ms. Days, or why her participation in the litigation warrants an award of attorney's fees or costs.

## **CONCLUSION**

For all the foregoing reasons, we respectfully request that the Bowman Plaintiffs' Motion for Award of Attorney's Fees and Costs be granted.

---

[2] Ms. Days' cited deposition testimony was offered and admitted into evidence at trial.

Respectfully submitted,

/s/ *Gerald P. Greiman*
Gerald P. Greiman, #26668MO
Thomas W. Hayde, #57368MO
**SPENCER FANE LLP**
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Tel.: (314) 863–7733
Fax: (314) 862–4656
ggreiman@spencerfane.com
thayde@spencerfane.com

*Attorneys for Bowman Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2022, I electronically filed the foregoing through the Court's CM/ECF system, to be served on counsel for all parties through the Court's electronic notification system

 */s/ Gerald P. Greiman*

SL 5471383.2