# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN BOWMAN, et al., | ) |
| Plaintiffs, | ) |
| BECKY ARPS, et al., | ) |
| Consolidated Plaintiffs | ) Case No. 4:21-CV-1406 NAB |
| v. | ) |
| ROBERT L. CHAMBERS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is pending before the Court on Motions for Attorney's Fees and Costs filed by Plaintiffs Bowman, *et al*., ("the Bowman Plaintiffs") (Doc. 85), Plaintiffs Arps, *et al*., ("the Arps Plaintiffs") (Doc. 88) and Consolidated Plaintiff Days[1] (Doc. 89). Intervenor St. Louis County filed a response in opposition (Doc. 93). Days filed a supplemental motion for attorney's fees (Doc. 97). Plaintiffs Bowman and Arps each filed replies to the Intervenor's response. (Docs. 98, 99.) The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

This case arose from a lawsuit by the Bowman Plaintiffs and the Arps Plaintiffs seeking to have the Court (1) declare that the current Council District boundaries were in violation of the requirements of the United States Constitution and the Missouri Constitution; and (2) reapportion the Council Districts such that St. Louis County was divided into seven districts that were

---

[1] Rita Heard Days is named as one of the Arps Plaintiffs, however she was also represented in this case by attorney Jane Dueker.

composed of contiguous territory as compact and nearly equal in population as possible. The parties requested an expedited schedule, a bench trial, and for the Court to issue a decision before the first day for filing a Declaration of Candidacy for the 2022 election to the St. Louis County Council. After a one-day trial, the Court found that the current St. Louis County, Missouri Council Districts violated the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Constitution of Missouri. The Court then entered an order adopting its own redistricting plan, which did not adopt any plans proposed by the parties. The Court determined its plan met all federal and state constitutional requirements.

The parties now seek to recover attorneys' fees from the St. Louis County Board of Election Commissioners and St. Louis County. The Bowman Plaintiffs are requesting attorneys' fees in the amount of $187,974.00 and costs in the amount of $11,864.45. The Arps Plaintiffs are requesting attorneys' fees in the amount of $93,180.00[2] and costs of $8,263.25. Plaintiff Days is requesting attorney's fees in the amount of $ 32,062.00[3] and costs of $4,044.57.

After the Court granted St. Louis County's Motion to Intervene the County filed a response to Plaintiffs' motion for fees and costs. (Doc. 93.) The County did not dispute that the Plaintiffs are prevailing parties entitled to reasonable attorneys' fees. Instead, the County argued that the amount of hours and rates submitted by Plaintiffs' counsel are not reasonable, considering that this case is nearly identical to previous lawsuits.

**DISCUSSION**

**I.      Standard of Review**

Plaintiffs brought their claims under 42 U.S.C. §§ 1983 and 1988. Under 42 U.S.C. §

---

[2] The Arps Plaintiffs' counsel initially estimated $87,115 in attorneys' fees and later supplemented his motion to provide time records reflecting $93,180.00 in attorneys' fees sought.
[3] Plaintiff Days' counsel initially estimated $29,520.00 in attorneys' fees and later supplemented her motion to provide time records reflecting $32,062.00 in attorneys' fees sought.

1988(b), in an action under § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." A prevailing party in a civil rights action should ordinarily recover such attorneys' fees unless special circumstances render an award unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). To determine the amount of reasonable attorneys' fees, courts employ the "lodestar" method and multiply the number of hours reasonably expended with a reasonable hourly rate. *Id.* at 433; *Corbett v. Sullivan,* 353 F.3d 628, 630 (8th Cir. 2003). In making this determination, courts consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Only those hours that were "reasonably expended" should be included in the initial fee amount. *Hensley*, 461 U.S. at 434. Hours must not be excessive, redundant, or unnecessary; put differently, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Brown v. Jacobsen*, 2022 WL 2452230, at *5 (D. Mont. July 6, 2022).

All plaintiffs in this case are entitled to reasonable fees and expenses as prevailing parties to the litigation. 52 U.S.C. § 10310(e); 42 U.S.C. § 1988(b); *Texas State Teachers Ass'n v.*

*Garland Independent School District,* 489 U.S. 782 (1989); *Hensley v. Eckerhart,* 461 U.S. at 429. Therefore, St. Louis County, by way of the taxpayers, must pay the reasonable fees and expenses of the litigation.

## II.   The Parties' Submissions

In determining the reasonableness of the fees sought by each set of Plaintiffs, I considered the aforementioned factors and the materials submitted by counsel. The Bowman Plaintiffs lead attorney Gerald Greiman has submitted a Declaration seeking compensation for 171.3 hours of his time at an hourly rate of $630, 191.7 hours for attorney Thomas Hayde at an hourly rate of $470, and 41.7 hours for paralegal Melanie Cummins at an hourly rate of $260. (Dec. of Gerald P. Greiman, Doc. 86.)  The Arps Plaintiffs' lead attorney Jack Spooner submitted an affidavit seeking compensation for 171 hours of his time at an hourly rate of $485 or $495, and 29 hours of time for attorney Christopher Johnson at an hourly rate of $310. (Aff. of Jack B. Spooner, Doc. 88-1, Doc. 91-1.)  Ms. Days' attorney Jane Dueker submitted an affidavit seeking compensation for 78.2 hours of her time at an hourly rate of $410. (Aff. of Jane E. Dueker, Doc. 97-1.)

In support of the reasonableness of the Bowman Plaintiffs' fees, Mr. Greiman attests that the hourly rates of $630 (Greiman), $470 (Hayde), and $260 (Cummins) are reasonable and appropriate. In fact, their standard hourly rates increased in 2022 to $695 (Greiman), $535 (Hayde), and $280 (Cummins); however, for purposes of their fee application, they applied the firm's 2021 rates to all of the work and services, including work performed in 2022. The Bowman Plaintiffs then applied a ten percent discount to the fee award sought to account for the discount offered by the firm at times for public or governmental entity clients. They also provide billing rates published by Missouri Lawyers Weekly and approved in other cases to illustrate that

4

the Bowman Plaintiffs' rates are commensurate with the rates of attorneys within the community and for election law matters.

The Bowman Plaintiffs submitted more than 400 hours in services rendered: 171.3 hours by Mr. Greiman, 191.7 hours by Mr. Hayde, and 41.7 hours by Ms. Cummins. In support of the reasonableness of the hours expended, the Bowman Plaintiffs argue that the hours reflect a conscientious effort to accomplish an efficient division of labor and that litigation tactics by the Arps Plaintiffs substantially increased the amount of work required of the Bowman Plaintiffs, including addressing the Arps Plaintiffs' irrelevant conspiracy claim and the extraneous depositions sought.

The Arps Plaintiffs contend their counsel's rates of $485 and $495 (Spooner) and $310 (Johnson) are reasonable given the attorneys' experience levels, because the rates are comparable to the hourly fees customarily charged in the St. Louis area for similar work, and because the total fees requested are comparable to fee awards for similar work.

The Arps Plaintiffs submitted 200 hours for services rendered: 171 hours by Mr. Spooner and 29 hours by Mr. Johnson. In support of the reasonableness of the hours expended, Mr. Spooner attests that only five hours were spent on Counts II and III prior to the Bowman Plaintiffs' submission of their Rule 26 disclosure, and no time was billed for Counts II and III after the Bowman Plaintiffs submitted their Rule 26 disclosure. A review of the Arps Plaintiffs' billing records confirms that they did not seek fees for certain time expended related to the additional counts. For example, time incurred related to the subpoenas served on Dr. Page and Ms. Walker and the Bowman Plaintiffs' motion to sever was not included in the fees sought. The billing records also reflect that the Arps Plaintiffs declined to seek fees for communications between Mr. Spooner and Ms. Dueker, counsel for Plaintiff Days.

Plaintiff Days' attorney submitted an affidavit seeking compensation for 78.2 hours of her time at an hourly rate of $410. (Aff. of Jane E. Dueker, Doc. 97-1.) Ms. Dueker states this is a discounted rate which reflects the minimal overhead incurred due to her home practice, and she argues her rate is reasonable because given her expertise in redistricting matters, when including overhead that would have been incurred for working at a medium or large firm, her rate would have been at least $500 per hour. She states her hours submitted do not include the dismissed Counts II or III of the Arps Plaintiffs' Complaint.

Intervenor St. Louis County has filed a response in opposition to Plaintiffs' motions for attorneys' fees and costs. St. Louis County argues the amounts being sought are excessive, unreasonable and unnecessary given the limited scope of this litigation. The County does not object to the expert witness fees totaling $4,800.00 that the Bowman Plaintiffs request,[4] nor does it object to the award of reasonable attorneys' fees. However, the County argues that the number of hours expended and the hourly rates sought by Plaintiffs are unreasonable. The County notes that this case is nearly identical to previous lawsuits and given the straightforward nature of the case, there was no need for hundreds of hours of research and strategizing, nor billing at rates up to $630 per hour. The County also argues that the same expert witness who testified in the 2012 reapportionment case *Stenger v. Kellett* was utilized by Plaintiffs here, eliminating a great deal of work related to researching and obtaining the key witness in the case. The County suggests that the fees be reduced to a sum not to exceed $300 per hour for any attorney, and that fees or costs related to duplicative attorney work be removed.

### III.   Reasonableness of Fee and Expense Requests

The evidence supplied by the parties as to reasonableness of their rates and hours is

---

[4] Under 42 U.S.C. § 1988, "the court, in its discretion, may include expert fees as part of the attorney's fee."

typical in supporting a fee request. Based on the Court's own familiarity with billing rates in the district and the record evidence, the hourly rates charged by counsel for all the plaintiffs are reasonable and comparable to the rates charged for similar services of reasonable skill, experience, and reputation.

Similarly, the parties provided evidence typical of attorneys asserting that the hours expended on a matter are reasonable. The parties contend in their briefing and sworn statements that they exercised judgment in reducing or eliminating excessive, redundant, or unreasonable hours expended. While the Court finds the attorneys' rates to be reasonable, the same cannot be said for the hours expended.

In making a determination of the number of reasonable hours expended, courts rely on the documentation submitted by the fee applicant. *See M.B. by Eggemeyer v. Tidball*, 18 F.4th 565, 568 (8th Cir. 2021). Inadequate documentation requires reduction of the fee award. *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. Furthermore, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended.' Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Id.* at 434, 103 S.Ct. 1933 (citation omitted). "Billing judgment" is just as important here as it is in the private sector. *Id.* (stating movant must make "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission").

The parties collectively seek fees for approximately 683 hours of work over the course of approximately ten weeks leading up to trial. The Bowman Plaintiffs' two attorneys and paralegal submitted 404.7 hours in services rendered. In contrast, the Arps Plaintiffs and Plaintiff Days three attorneys collectively submitted 278.2 hours in services rendered. While the case was

contested, only one expert testified, and the trial lasted one day. After review of the parties' submissions, the undersigned finds the hours expended unreasonable, as further explained below.

### The Bowman Plaintiffs

The Bowman Plaintiffs' time entries are date-specific and include the number of hours worked, the hourly rate, and the total amount billed. At times, the descriptions of the services provided are vague such that the undersigned is unable to determine what work was actually done, or if the work was duplicative of work performed by another biller. For example, in the days leading up to trial, Mr. Hayde and Mr. Greiman submit time entries reflecting large blocks of time, ranging from 6 to 11.2 hours of work. Mr. Hayde's large time entries break down the services performed, such that an 11.2-hour time entry is broken into subparts that describe each task performed and how much of the 11.2 hours was expended on a particular task. In comparison, Mr. Greiman's description of services is block billed such that a 6-hour or 10-hour time entry is described as "work on pretrial filings and trial preparation." (Doc. 86-1, pp. 9-10.) Other time entries, while not as large, do not contain sufficient descriptions to determine the reasonableness of the hours expended. For example, there are time entries reflecting conferences with other attorneys or with clients, but they do not specify the subject such that the entry does not convey whether a given task was related to this case and whether it involved legal work. The impact of the deficiencies in descriptions is compounded by the fact that the Bowman Plaintiffs' counsel billed for more than twice the hours billed by the Arps Plaintiffs' counsel. On the present motion alone, the Bowman Plaintiffs expended more than four times the hours expended by the Arps Plaintiffs.[5] Because Plaintiffs bear the burden of establishing the fees they seek are

---

[5] The time entries dedicated to the attorneys fees motions are as follows: the Bowman Plaintiffs submitted 19 hours, the Arps Plaintiffs submitted 4.3 hours, and Plaintiff Days separately submitted 6.9 hours.

reasonable, failure to submit sufficiently detailed descriptions for such entries warrants reducing the associated time. *See, e.g., Trinity Lutheran Church of Columbia, Inc. v. Comer*, 2018 WL 5848994, at *12 (W.D. Mo. Nov. 7, 2018) (reducing hours where "multiple time entries ... reference[d] communications with other attorneys without specifying the subject"); *Craig v. District of Columbia*, 197 F. Supp. 3d 268, 280 (D.D.C. 2016) (finding "insufficiently detailed" "many entries perfunctorily stat[ing] that counsel 'e-mailed' or sent an 'email to' someone, had a 'phone discussion w/' someone, or 'reviewed and responded to' an e-mail or a document") (citations omitted). Additionally, while staffing a case with multiple attorneys is not unreasonable, it necessarily carries inefficiencies that should be addressed through the exercise of billing judgment.

The determination of how much to reduce a claim for fees is committed to the court's discretion and need not be precisely computed. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees ... is to do rough justice, not to achieve auditing perfection."). After a review of the invoices submitted by the Bowman Plaintiffs, the Court reduces Attorney Greiman's hours by approximately 60% and reduces Attorney Hayde's hours by approximately 25%. The Court makes no reduction in Ms. Cummins hours.

**The Arps Plaintiffs and Plaintiff Days**

With respect to the Arps Plaintiffs' fees requested, the undersigned finds that a concern raised by the Bowman Plaintiffs at the pre-trial conference and again in their reply brief may have implications worth raising at this time. As noted previously, Plaintiff Days is one of the Arps Plaintiffs, and her claims were filed by counsel for the Arps Plaintiffs, Jack Spooner, on November 30, 2021. On December 20, 2021, Jane Dueker entered her appearance on behalf of Plaintiff Days only. (Doc. 17.)

9

At the pre-trial conference, counsel for the Bowman Plaintiffs asked for clarification on the role of Ms. Dueker. He reported that Plaintiff Days testified she was fine with the Bowman Plaintiffs proposed map, yet Ms. Dueker "has been carrying water for all the Arps Plaintiffs." At that time, Mr. Spooner made an oral motion to withdraw as counsel for Plaintiff Days, and the Court granted the motion. (Doc. 71.)

In considering the reasonableness of the hours expended by counsel for Plaintiff Days, the Court was required to consider the hours of both Mr. Spooner and Ms. Dueker. Mr. Spooner did not withdraw his appearance for Plaintiff Days until prompted by the Bowman Plaintiffs on the eve of trial, and he seemingly continued to represent Plaintiff Days alongside Ms. Dueker throughout pre-trial events. After Ms. Dueker entered her appearance, Mr. Spooner continued to file motions and pre-trial submissions on behalf of "the Arps Plaintiffs," including Plaintiff Days. (*E.g.,* Docs. 36, 43, 44, 56.) Moreover, although Ms. Dueker is counsel of record for Plaintiff Days only, her time entries and the docket reflect that she prepared a motion in limine and objections to Bowman Plaintiffs' deposition designations on behalf of *all* Arps Plaintiffs, despite only entering an appearance for Plaintiff Days. (Docs. 61, 97-2.)

The docket and time records reflect that Mr. Spooner and Ms. Dueker collaborated in their efforts to represent their clients, including in their co-representation of Plaintiff Days until Mr. Spooner's withdrawal from representation on the eve of trial. In evaluating the factors considered when making a reasonable fee calculation, the undersigned considered the reasonableness of a plaintiff who is already represented retaining a second attorney. The Bowman Plaintiffs argue that in light of Mr. Spooner's representation and Plaintiff Days' testimony that the Bowman Plaintiffs' map looked fine to her, "it is not clear what agenda or interests Ms. Dueker was pursuing in her representation of Ms. Days, or why her participation in

the litigation warrants an award of attorney's fees or costs." (Doc. 98.) There is certainly an argument to be made that Plaintiff Days has not identified an interest or objective that is unique from the other Arps Plaintiffs such that her interests could not be adequately represented by Mr. Spooner. Without some sort of distinct interest or objective, it is difficult to justify the additional attorneys' fees incurred by retaining additional counsel to arguably duplicate Mr. Spooner's efforts by supplementing the Arps Plaintiffs' arguments at trial, provide a second cross-examination of witnesses, and so on.

In determining the reasonableness of Mr. Spooner and Ms. Dueker's respective fee submissions on behalf of Plaintiff Days as an Arps Plaintiff, the Court considered the negative implications of awarding fees sought by both attorneys. To allow individual plaintiffs in redistricting cases to retain individual counsel and seek individual attorney fees awards despite already being represented as a group by a competent attorney could put the Court and the parties on a slippery slope. The Second Circuit has considered this risk in the context of awarding attorneys fees to intervenors joining an existing civil rights case:

> The plaintiffs in a civil rights action have the priority claim for an award of fees as prevailing parties where their efforts have effectuated some or all of the civil rights involved in the litigation. The policies underlying private attorneys general and intervention are not so compelling when a suit has already been initiated and the potential intervenor's interests are adequately represented. Otherwise there would be a temptation to load up unnecessarily on intervenors in civil rights actions to compel defendants to settle because of the potential exposure to large legal fees.

*Wilder v. Bernstein*, 965 F.2d 1196, 1205 (2d Cir. 1992). Similarly, where an individual plaintiff's interests are already adequately represented by existing counsel, courts should be hesitant to award prevailing party attorneys' fees to additional counsel joining an existing redistricting suit. If each plaintiff in this case had retained separate counsel despite supporting

the same proposed map(s), there may have been thirteen separate attorneys each conducting a separate examination of each witness, filing separate pre-trial submissions, conducting separate examinations of each witness, and so forth. However, after careful consideration of the circumstances of this case, the undersigned finds that this is not a case where the later-joining counsel "just went along for the ride." *Cf. Bush v. Bays*, 463 F. Supp. 59, 66 (E.D. Va. 1978) ("It is apparent to the Court that the attorneys for the plaintiffs in this case merely caught hold of a train on its way out of the station and are seeking to ride it to a substantial award of attorneys' fees. Plaintiffs' lawsuit played no part in firing the boiler, getting up a head of steam, or opening the throttle."). Here, it appears that Mr. Spooner and Ms. Dueker coordinated to not duplicate efforts by dividing up some of the pre-trial submissions and having Ms. Dueker submit materials on behalf of all of the Arps Plaintiffs. Additionally, Ms. Dueker is the only counsel of record who was also an attorney of record during the redistricting of St. Louis County ten years ago. "One unique aspect of redistricting litigation is that it generally arises on a decennial basis. For that reason, 'it would appear that any attorney would need to practice for at least a decade before he or she could appear in an apportionment litigation cycle with significant experience.'" *Favors v. Cuomo,* 39 F.Supp.3d 276, 302 (E.D.N.Y. 2014) (quoting *Desena v. Lepage,* 847 F.Supp.2d 207, 216 (D.Me.2012) (three judge panel)). Despite only formally representing Plaintiff Days, it appears that Ms. Dueker's experience and efforts did contribute to support the interests of all of the Arps Plaintiffs. Therefore, although the Court questions whether Plaintiff Days' interests required additional representation, fees will be awarded to both attorneys.

Regarding the reasonableness of the hours expended, the Court has reviewed the itemized invoices submitted by Mr. Spooner and Ms. Dueker. They provide a description of the work performed, as well as the date, hourly rate, and total amount. Mr. Spooner's descriptions

are sufficiently detailed for the Court to determine the reasonableness of the hours expended. Any large block of time billed was further broken down into descriptions of specific tasks and the hours spent on each task. The entries make clear where certain tasks such as communications with Ms. Dueker or work on attempting to depose non-parties were not charged. Ms. Dueker's descriptions are likewise descriptive and date-specific. Based on the Court's review of the invoices and the attorneys' declarations, the Court finds that the hours submitted by Mr. Spooner were reasonable and not excessive in light of the work performed. In light of the Court's concerns regarding Ms. Days' representation and the inefficiencies that necessarily come with staffing a case with multiple attorneys across multiple organizations, the Court will reduce Ms. Dueker's hours from 78.2 to 50.

<b>Lodestar Calculation</b>

With the adjustments to the hours of Plaintiffs' counsel discussed above, the lodestar calculation is as follows:

| Biller Name | Plaintiff Group | Rate | Hours | Total Fees[6] |
|---|---|---|---|---|
| Greiman | Bowman | $630 | 68.5 | $38,840 |
| Hayde | Bowman | $470 | 143.8 | $60,827 |
| Cummins | Bowman | $260 | 41.7 | $9,758 |
| Spooner | Arps | $485/$495 | 171 | $84,190 |
| Johnson | Arps | $310 | 29 | $8,990 |
| Dueker | Days | $410 | 50 | $20,500 |
| **TOTALS** | | | **504** | **$221,850** |

The Court finds that the fees produced through the lodestar calculation, with the specific

---

[6] The Total Fees for the Bowman Plaintiffs' attorneys apply the 10% discount that the firm offers from its standard fees when performing work for public or governmental entities. (*See* Doc. 85 at 9.)

reductions discussed above, is fair. While this case was important, it was not unusually complex, and the expedited schedule cannot justify the excessive and duplicative fees sought. This is a case that is presented to the Court every ten years, and the legal bases for Plaintiffs' claims were laid out for the parties by the past cases.

## Expenses and Costs

The Bowman Plaintiffs are the only plaintiffs to seek expert fees. They seek $4,800 in fees for the services of Dr. Kimball, the only expert who opined on the maps proposed by all plaintiffs. No party challenged Dr. Kimball's rates or hours of services performed. His testimony provided valuable evidence relied on by the undersigned in rendering a decision and judgment in the case. The request for expert fees in the amount of $4,800 is reasonable and will be granted.

Plaintiffs' counsel seek other costs as follows: the Bowman Plaintiffs seek $11,864.45 (including expenses for Dr. Kimball); the Arps Plaintiffs seek $8,263.25 ($812.50 in nontaxable costs and $7,450.75 in taxable costs); and Plaintiff Days seeks $4,044.57. (Docs. 85 at 10 and 86-3; Docs. 88 at 7 and 88-1; Doc. 97-3.) Intervenor St. Louis County argues that costs related to transcript fees and any fees deemed wholly unnecessary should be excluded, but does not explain what those fees are or why transcript fees should be excluded. Having reviewed the itemized lists of expenses and invoices submitted by all Plaintiffs' counsel, the Court sees no reason for disallowing expenses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions for Award of Attorneys' Fees and Costs are **GRANTED**, in part. (Docs. 84, 88, 89, 91, 97.)

**IT IS FURTHER ORDERED** that the Bowman Plaintiffs are awarded the sum of $121,289.45 as reasonable attorneys' fees and costs; the Arps Plaintiffs are awarded the sum of

$101,443.25 as reasonable attorneys' fees and costs; and Plaintiff Days is awarded the sum of $24,544.57 as reasonable attorneys' fees and costs.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of November, 2022.